(No. 33287.—
FAIRBANKS, MORSE & Co. *et al.,* Appellees, *vs.* THE CITY OF FREEPORT, Appellant.

*Opinion filed January 21, 1955—Rehearing denied March 22, 1955.*

HAROLD R. NETTLES, Corporation Counsel, and JOHN G. GARRITY, both of Freeport, for appellant.

BURRELL & HOLTAN, of Freeport, JOHNSTON, THOMPSON, RAYMOND & MAYER, of Chicago, and NACK & NACK, of Galena, (DAVID M. BURRELL, ANAN RAYMOND, LOUIS NACK, EDWARD E. LYNN, and WILLIAM D. RANDOLPH, of counsel,) for appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This is an appeal from a decision of the circuit court of Stephenson County entered in a declaratory judgment action wherein sections 7-1 through 7-6.1 of the Revised Cities and Villages Act (Ill. Rev. Stat. 1953, chap. 24, pars. 7-1 through 7-6.1,) were declared unconstitutional. Said provisions relate to the annexation of territory to a municipality and were contained in House Bill No. 360 of the 68th General Assembly. Laws of 1953, p. 1132.

Fairbanks Morse & Co., herein referred to as plaintiff, initiated the action on February 4, 1954, by filing a complaint for a declaratory judgment against the city of Freeport, herein referred to as the city, and the county judge of Stephenson County. The county judge was subsequently dismissed and is not a party to this appeal.

The complaint alleged, in substance, that the plaintiff owned a tract of land situated partly within the corporate limits of the city and partly outside the city; that the city, by ordinance, proposed to annex a portion of said land lying outside the corporate limits, said portion being slightly less than ten acres; that said ordinance was passed on January 18, 1954, pursuant to authority contained in said sections 7-1 through 7-6.1 of the Revised Cities and Vil-

lages Act; and that in accordance with said statutory authority the ordinance was filed with the county clerk of Stephenson County on January 19, 1954, and an order was entered by the county judge fixing a hearing thereon for February 11, 1954.

The complaint charged that said statutory provisions were unconstitutional. Briefly, the plaintiff asserted that sections 1 and 18 of article VI (judicial article) and article III (separation of powers) were violated by section 7-4, which makes the decision of the county court, in passing upon petitions for annexation or objections thereto, an "administrative decision" subject to review under the provisions of the Administrative Review Act. (Ill. Rev. Stat. 1953, chap. 110, pars. 264 *et seq.*) The plaintiff further asserted that even if section 7-4 is not violative of the judicial article and the separation of powers provision of the Illinois constitution, it amounts to an amendment of the Administrative Review Act without appropriate reference thereto contrary to section 13 of article IV of the constitution. In addition, other contentions based upon alleged constitutional infringements are made with reference to the cited sections of the statute.

Finally, the complaint alleged the existence of a controversy between the plaintiff and the city as to the meaning of the words "tract" and "territory" as used in said annexation statute, as well as a controversy over the construction to be given sections thereof. The plaintiff sought a declaration that the said provisions of House Bill No. 360 were unconstitutional, or, as an alternative, a construction thereof by the circuit court, and an order enjoining the defendants, both the city and county judge, from proceeding to a hearing on the ordinance pursuant to the terms of said statute.

The city moved to dismiss the complaint on the grounds that the circuit court had no jurisdiction; that a declaratory judgment would not lie; that the county court pur-

suant to the statute had assumed jurisdiction of the subject matter; that the plaintiff had an adequate remedy at law as to the equitable relief sought; and that the same parties were then litigating the matter in the county court. An exhibit attached to the motion showed that the plaintiff had appeared in the county court and filed objections to the ordinance, presumably in accordance with the terms of the statute now under attack.

The motion to dismiss was denied. Thirteen other parties, herein referred to as intervenors, were allowed to intervene, and they adopted the complaint of the plaintiff. The city's motion to dismiss as to these parties was likewise denied. The city then filed an answer denying the material allegations of the complaint and again asked dismissal of the action.

The cause was heard by the circuit court on a stipulation of facts, and after hearing the court found for the plaintiff and declared said sections to be unconstitutional. This appeal is from that judgment.

Section 7-2 provides, among other things, that under certain circumstances the corporate authorities of any municipality may initiate proceedings for annexation by enacting an ordinance and filing the same with the county court. The county court is to then fix a date for a hearing and provision is made for notice of that hearing. Section 7-3 empowers "any interested person" to object to the ordinance on the grounds that the territory therein described is not contiguous to the annexing municipality or that the description of said territory is inadequate. Section 7-4, which pertains to the hearing in the county court, states that if the county court finds that the described property is not contiguous to the annexing municipality, that the description is materially defective, or that the ordinance "is otherwise invalid," the court is to dismiss the ordinance. If the court finds the ordinance to be valid, it shall

order that an election (governed by section 7-6.1) be held within the area to be annexed within sixty days. The court's decision in this regard is to be final. However, if the court finds the ordinance to be invalid, then said determination is to be considered "an administrative decision" and reviewable under the provisions of the Administrative Review Act.

When this action for declaratory judgment was commenced in the circuit court, the county court proceeding had reached the point where the matter was to come on for hearing on the objections filed by the plaintiff and the intervenors. Among the objections raised by the plaintiff in the county court was that the ordinance described more than one territory, and the objections of the intervenors in the county court raised practically every issue and objection which was urged in the complaint for declaratory judgment in the circuit court. It appears that the county court has not made a decision relative to the validity of the ordinance, and what the ultimate action of the county court in this regard will be is wholly within the realm of speculation.

It necessarily follows that the question of whether the plaintiff or the intervenors will suffer any infringements of their rights, by reason of the statutory provisions authorizing the ordinance, is likewise wholly speculative. It is entirely possible that the county court will sustain the objections. It is also possible that the electors of the unincorporated area will not vote annexation. The interests of the plaintiff and the intervenors will be adversely affected only in the event neither of these possibilities occur. See 87 A.L.R. 1205, 1215-1218.

Further, the action of the circuit court in passing upon the constitutional questions was not necessary at this stage of the proceeding, for the constitutionality of a statute should not be considered unless such consideration is neces-

sary for a determination of the proceeding. (*People ex rel: Mills* v. *Fairfield Community High School Dist.* 397 Ill. 233; *Cohen* v. *Lerman,* 408 Ill. 155.) In this case it would be proper to pass upon the constitutional issues only after it has been concluded that this ordinance comes within the statutory language. This, in turn, necessitates a finding that the land described in the ordinance is "territory which is not within the corporate limits of any municipality but which is contiguous to a municipality." (Section 7-1.) An examination of the ordinance discloses that the land described is not one continuous parcel of land, but rather several separate and independent tracts having in common only their contiguousness to the city. Moreover, it is clear that this issue is one that may be and was raised in the county court. Therefore, to this extent at least, at the time the complaint for declaratory judgment action was filed, the first issue presented to the circuit court was pending in the county court proceeding in which the same parties were involved. The circuit court suit was but an effort to make the declaratory judgment provisions of the Civil Practice Act serve the function of securing a circuit court decision for the purpose of conclusively determining litigation then pending between the same parties in the county court. When a matter is thus pending in the county court and that court's jurisdiction is based upon a statutory grant of power, we do not believe declaratory judgment proceedings commenced subsequently in the circuit court can be used to oust the county court of its jurisdiction to pass upon the matter. See 135 A.L.R. 934.

For the reasons stated, the decision of the circuit court of Stephenson County is reversed and the cause is remanded with directions to dismiss the action.

*Reversed and remanded, with directions.*