George Ray Hudson, Appellee, v. Paul J. Mandabach, Jr., Appellant.

Gen. No. 47,544.

First District, First Division.

May 18, 1959.

Rehearing denied June 12, 1959.

Released for publication September 15, 1959.

Yowell & Yowell, of Chicago, for defendant-appellant.

Howard D. Moses, of Chicago, for plaintiff-appellee.

JUSTICE DEMPSEY delivered the opinion of the court.

The complaint in this case was for a declaratory judgment to construe a dissolution contract between former partners in an advertising agency. Judgment was for the plaintiff.

■ In his answer the defendant raised an affirmative defense which charged that the plaintiff had a suit pending in the Municipal Court of Chicago to recover on the same agreement. The plaintiff did not reply to this allegation. His failure to do so was an admission of its truth. Sections 32 and 40(2), ch. 110, Ill. Rev. Stat. 1957; Laegeler v. Bartlett, 10 Ill.2d 478.

The primary question before us is whether a complaint for declaratory judgment can be brought in a second court when the same point is involved in a case in another court between the same parties.

The dispute concerned commissions received by the defendant from various publications for advertising orders, or contracts for the reservation of space,

placed by the partnership prior to dissolution. The Municipal Court pleadings were not attached to the answer, but the briefs indicate that some eighty items of account were in dispute and that the Municipal Court would be faced with the same problem of contract interpretation as was the Superior Court.

Thus it appears that the declaration sought might well eliminate the principal argument between the parties and could result in terminating the prior suit or in lessening the length of the trial. Salutary as this may seem, we think it should not be permitted. The Municipal Court had taken cognizance of the litigation, had the power to dispose of it completely and had the right to do so without interference. Whether the declaratory judgment favored the plaintiff or the defendant, it certainly would be used to influence, if not control, the outcome of the Municipal Court case.

To hold that there could be a declaratory judgment action in one court simultaneously with a case pending in a different court, involving the same parties and a similar issue, would open the door to abuses. This could result in multiple litigation, unavoidable interference and conflict among the courts and attempts to obtain persuasive findings or advisory opinions with the intent to affect the outcome of concurrent cases.

In the case of Fairbanks Morse & Co. v. Freeport, City of, 5 Ill.2d 85, a declaratory judgment was asked in the Circuit Court while a case involving the same issues and parties was pending in the County Court. The Court said:

"The Circuit Court suit was but an effort to make the declaratory judgment provisions of the Civil Practice Act serve the function of securing a Circuit Court decision for the purpose of conclusively determining litigation then pending between the same parties in the County Court. When a matter is thus pending in

the County Court and that court's jurisdiction is based upon a statutory grant of power, we do not believe the declaratory judgment proceedings commenced subsequently in the Circuit Court can be used to oust the County Court of its jurisdiction to pass upon the matter."

It is not clear from the record whether or not the issue presented by the affirmative defense was ever urged before the trial court. Although the defendant's answer prayed for a dismissal, the attorneys agreed during oral argument that no such motion was made, and no motion for involuntary dismissal had been presented under § 48(1)(c) of ch. 110, Ill. Rev. Stat. 1957. However, the issue was created by the pleadings and was properly raised on appeal.

In our opinion the pending litigation in the Municipal Court precluded the plaintiff from seeking a declaratory judgment in the Superior Court. The latter suit should have been dismissed. Because of this conclusion it is unnecessary to consider the other points discussed in the briefs.

Reversed and remanded with directions to dismiss the complaint.

Reversed and remanded with directions.

McCORMICK, P. J. and SCHWARTZ, J., concur.