26 Ill. App.2d 262 (1960)
167 N.E.2d 820
Elvis Wolf, Marcella Wolf, and State Farm Mutual Automobile Insurance Company, Plaintiffs-Appellants,
v.
Bjarne Solem and Sophia Solem, Defendants-Appellees.
Gen. No. 11,314.
Illinois Appellate Court  Second District, First Division.
June 9, 1960.
Sears, Streit, and Tyler, of Aurora, for appellants.
Robert E. Dolph and James E. Cheatham, of Aurora, for appellees.
McNEAL, P.J.
An automobile collision, involving vehicles driven by Marcella Wolf and Sophia Solem, occurred on June 15, 1956. Both vehicles were insured by State Farm Mutual Automobile Insurance Company. A Company adjuster made a settlement with the Solems for their property damages and personal injuries and *263 took instruments purporting to be releases from them. On April 22, 1958, the Solems filed a complaint in the Circuit Court of Kane County against Marcella Wolf to recover damages for personal injuries and loss of consortium. Marcella Wolf moved to dismiss the complaint by reason of the releases and supported her motion by affidavit. Counter-affidavits were filed by the Solems. The Court denied the motion to dismiss without prejudice to the right to plead the releases in answer to the complaint.
On January 13, 1959, and prior to the time Marcella Wolf was ruled to answer the complaint in the original action, she and her husband, Elvis, who was also named in the releases, and the Company commenced another action in the same court by filing their verified complaint for a declaratory judgment against the Solems. In the latter action they sought a declaration that the Wolfs were not obligated to the Solems, and a stay of all proceedings in the former suit pending this action. Copies of the policies issued by the Company and the purported releases were attached to the complaint.
The Solems filed a motion supported by affidavit to dismiss the complaint for declaratory judgment. They asserted that Marcella Wolf had filed an answer denying liability in the damage suit, which was then at issue and on the trial calendar; that no controversy existed between the Solems and the Company or between them and Elvis Wolf; that the Company could not become involved in any such controversy until Marcella Wolf was legally obligated to pay a judgment to the Solems; and that the complaint failed to state a cause of action. A counter-affidavit was filed on behalf of Marcella Wolf. All of the foregoing facts with reference to the pendency of the first action appear on the face of the complaint for declaratory judgment and attached exhibits, in the affidavit *264 in support of the motion to dismiss, or in the counter-affidavit. The trial court dismissed the complaint for declaratory judgment and gave Solems judgment for costs. This appeal followed.
Appellants contend that they will be prejudiced if the insurance question is raised before a jury in the first action, and that prejudice will be avoided if the validity of the releases is determined in this proceeding for declaratory judgment. However, plaintiffs filed a demand for a trial by jury in this action for declaratory relief, rather than a trial by the court. It is difficult to understand how it would benefit plaintiffs to avoid alleged prejudice in the first action and demand similar prejudice in this action. It cannot be said that the matter of insurance will necessarily be disclosed in the first action, and, if disclosed, that such disclosure would necessarily prejudice plaintiffs. Their demand for a trial by jury in this action for declaratory judgment materially weakens their contention with reference to avoidance of prejudice.
[1] The granting of declaratory relief is clearly within the discretion of the trial court. Section 57.1 of the Civil Practice Act (Ill. Rev. Stat. 1957, Chap. 110, par. 57.1) provides, in part, as follows:
"(1) No action or proceeding in any court of record is open to objection on the ground that a merely declaratory judgment, decree or order is sought thereby. The court may, in cases of actual controversy, make binding declarations of rights, having the force of final judgments, whether or not any consequential relief is or could be claimed, including the determination, at the instance of anyone interested in the controversy, of the construction of any statute, municipal ordinance, or other governmental regulation, or of any deed, will, contract or other written instrument, and a declaration of the rights of the parties interested. *265 The foregoing enumeration does not exclude other cases of actual controversy. The court shall refuse to enter a declaratory judgment, decree or order, if it appears that the judgment, decree or order would not terminate the controversy or some part thereof, giving rise to the proceeding."
In Kitt v. City of Chicago, 415 Ill. 246, 252, 112 N.E.2d 607, the Supreme Court, in referring to the declaratory provisions of the Civil Practice Act, said that "The Act, by its terms, is permissive."
In Fairbanks, Morse & Co. v. Freeport, 5 Ill.2d 85, 90, 125 N.E.2d 57, defendant moved to dismiss a complaint for declaratory judgment on the grounds that the county court had assumed jurisdiction of the subject matter and that the same parties were litigating the matter in the county court. The circuit court denied the motion to dismiss and after defendant answered, the court heard the matter and declared unconstitutional certain sections of the Revised Cities and Villages Act pertaining to annexation of territory contiguous to a municipality. The Supreme Court said:
"Moreover, it is clear that this issue is one that may be and was raised in the county court. Therefore, to this extent at least, at the time the complaint for declaratory judgment action was filed, the first issue presented to the circuit court was pending in the county court proceeding in which the same parties were involved. The circuit court suit was but an effort to make the declaratory judgment provisions of the Civil Practice Act serve the function of securing a circuit court decision for the purpose of conclusively determining litigation then pending between the same parties in the county court. When a matter is thus pending in the county court and that court's jurisdiction *266 is based upon a statutory grant of power, we do not believe declaratory judgment proceedings commenced subsequently in the circuit court can be used to oust the county court of its jurisdiction to pass upon the matter. See 135 A.L.R. 934.... For the reasons stated, the decision of the circuit court .. . is reversed and the cause remanded with directions to dismiss the action."
In Burgard v. Mascoutah Lumber Co., 6 Ill. App.2d 210, 127 N.E.2d 464, the judgment for defendant in a declaratory judgment proceedings followed a jury's verdict on issues made under a motion to dismiss the complaint.
In Hudson v. Mandabach, 22 Ill. App.2d 296, 160 N.E. 2d 715, the primary question was whether a complaint for declaratory judgment can be brought in a second court when the same point was involved in a case in another court between the same parties. The court said:
"Thus, it appears that the declaration sought might well eliminate the principal argument between the parties and could result in terminating the prior suit or in lessening the length of the trial. Salutary as this may seem, we think it should not be permitted. The Municipal Court had taken cognizance of the litigation, had the power to dispose of it completely and had the right to do so without interference. Whether the declaratory judgment favored the plaintiff or defendant, it certainly would be used to influence, if not control, the outcome of the Municipal Court case.
"To hold that there could be a declaratory judgment action in one court simultaneously with a case pending in a different court, involving the same parties and a similar issue, would open the door to abuses. This could result in multiple litigation, *267 unavoidable interference and conflict among the courts and attempts to obtain persuasive findings or advisory opinions with the intent to affect the outcome of concurrent cases."
Defendant's answer in Hudson v. Mandabach prayed for a dismissal, but no motion for involuntary dismissal under section 48 (1) (c) of the Civil Practice Act was presented. Nevertheless the court said that the suit for declaratory judgment should have been dismissed, and reversed and remanded the case with directions to dismiss the complaint.
[2] The complaint for declaratory relief and the affidavits on file in the instant case show that there was another action pending in the same court between substantially the same parties and involving substantially the same or similar issues. That action which had already accrued when the complaint was filed, afforded the parties an adequate remedy at law for adjudication of their rights and liabilities, including the validity or invalidity of the releases. No material or genuine disputed question of fact with reference to the pendency of the other action was raised. In the light of the decisions cited above, dismissal of this action on defendants' motion was an appropriate judicial method of declining to grant declaratory relief, and was well within the trial court's discretion. The judgment of the Circuit Court of Kane County is affirmed.
Affirmed.
DOVE, J., concurs in affirming the judgment of the trial court.
SPIVEY, J., dissenting.
The order of the Circuit Court of Kane County dismissing the cause should be reversed. The complaint *268 states a cause of action and an order dismissing a good complaint is erroneous. I agree that this is not a case for declaratory judgment and agree that the trial court should have declined to grant declaratory relief. We should reverse the order dismissing the complaint, so that it is clear that a trial court has no right to dismiss a good cause of action. Then we should enter a decree here declining to grant declaratory relief without prejudice to the plaintiffs to plead the release in the original action. Burgard v. Mascoutah Lumber Co., 6 Ill. App.2d 210, 218, 127 N.E.2d 464; Frazier v. City of Chattanooga, 156 Tenn. 346, 1 S.W.2d 786; Richardson v. Danson (Wash.), 270 P.2d 802.
It seems to me to be more than just a play on words or an exercise in dialectics to point out what I consider to be the error of the trial court and the majority.
True, we reach the same result by our diverse paths. However, I am fearful that the majority will be understood as having approved the dismissal of an action when there was no basis for the dismissal. There is a real distinction between dismissing a suit on motion and declining to grant declaratory relief. In the first instance the question is a legal one and in the latter situation the action lies in the sound discretion of the court. We must not be understood as approving the dismissal of a cause in the discretion of the trial court.