State Farm Mutual Automobile Insurance Company, Appellant, v. W. Terrill Morris; Juanita D. Morris; John Harold Swanson; Nancy Paulson, a Minor; Valery Stratton, a Minor; Mr. Samuel E. Stratton, Jr.; Mrs. Lorain Stratton; Georgia Paulson; Mr. Earl B. Paulson; Public Service Company, Division of Commonwealth Edison Company, a Corporation, Appellees.

Gen. No. 11,448.

Second District, Second Division.

April 4, 1961.

Sears, Streit & Tyler, of Aurora, for appellant.

Thomas P. O'Malley and Leon J. Weiss, of Aurora, and Louis E. Neuendorf, of Sandwich, for appellee.

CROW, P. J.

This is a complaint for declaratory judgment by the plaintiff-appellant State Farm Mutual Automobile Insurance Company against the defendants-appellees W. Terrill Morris, Juanita D. Morris, John H. Swanson, Nancy Paulson, a minor, Valery Stratton, a minor, Samuel E. Stratton, Lorain Stratton, Earl B. Paulson, Georgia Paulson, and Public Service Company. So far as material now, the complaint alleges the plaintiff issued to W. Terrill Morris its automobile liability insurance policies on his Plymouth and Chevrolet automobiles and its comprehensive and deductible collision insurance policy on his Chevrolet, copies thereof being attached as exhibits A, B, and C; the policies were in force August 22, 1959; Juanita Morris is a daughter of W. Terrill Morris and a member of his household; on August 22, 1959 Juanita Morris while driving a Ford Thunderbird automobile owned by John H. Swanson collided with a light pole in Sandwich; Nancy Paulson, a minor, was a passenger in the auto driven by Juanita

453

Morris; Nancy Paulson allegedly sustained injuries, and the Thunderbird was damaged; the light pole owned by Public Service Company was broken and toppled over, carrying with it and breaking electric wires; the wires struck Samuel E. Stratton and Valery Stratton, a minor, allegedly causing injuries; all of the defendants except W. Terrill Morris and Juanita D. Morris claim to have causes of action against Juanita D. Morris for injuries, or for benefits under Coverage C of the two liability policies, or for loss of services of their respective daughters, the minor defendants, or for property damages, or for benefits under Coverage G–50 of the comprehensive and deductible collision policy; the defendants W. Terrill Morris, Juanita D. Morris, and John H. Swanson claim the plaintiff owes the duty to indemnify and defend them under "Insuring Agreement II—Non-owned automobiles" of the policies against any cause of action brought against them; the plaintiff denies it has a duty to defend, indemnify, or pay anyone except to extend Coverage C (Division 1) of the liability policies to Juanita D. Morris; and the Ford Thunderbird was an automobile furnished for the regular use of Juanita D. Morris by John H. Swanson. The complaint prays that the Court determine the rights and liabilities of the parties under the policies; and enter a declaratory judgment that no obligations are owed by the plaintiff to indemnify or defend the defendants W. Terrill Morris, Juanita D. Morris, or John H. Swanson, that no benefits are payable to any defendants other than medical bills of Juanita Morris under Coverage C (Division 1) of the liability policies, and that the coverages of the policies do not apply to this collision except Coverage C (Division 1) of the liability policies.

454

The policies provide:

"INSURING AGREEMENT II—NON-OWNED AUTOMOBILES"

"Such insurance as is afforded by this policy under coverages A, B, Division 2 of C and M, D, D–50, F, G, and H with respect to the automobile applies to the use of a non-owned automobile by the named insured or a relative, and any other person— legally responsible for the use by the named insured or relative of an automobile not owned or hired by such other person or organization.

Insuring Agreement II does not apply:

(1) to a non-owned automobile . . . , (b) . . . furnished to the named insured or a relative for regular use, . . ."

All of the defendants filed answers, admitting or denying various allegations of the complaint, and, in substance, praying that the Court determine the rights and liabilities of the parties under the policies, and enter a declaratory judgment that the plaintiff is obligated to indemnify and defend W. Terrill Morris, Juanita D. Morris, and John H. Swanson, to pay benefits to the named defendants, and that the coverages of the policies are applicable to the collision.

The plaintiff filed a reply to the answers.

The plaintiff then filed a motion for summary judgment, to which were attached an affidavit of George H. Mitchell, an employee of the plaintiff, who had taken a statement from John H. Swanson; a copy of the statement of John H. Swanson; an affidavit of Merle L. Cooper, an employee of the plaintiff, who had taken statements from Dortha M. Morris (mother of Juanita D. Morris), W. Terrill Morris, and Juanita D. Morris;

copies of the statements of Dortha M. Morris, W. Terrill Morris, and Juanita D. Morris; an affidavit of Gerald F. McNichols, an employee of an investigation firm engaged by the plaintiff, who interviewed Samuel E. Stratton, Mrs. Earl D. Paulson, Juanita D. Morris, Mrs. Hildred Johnson, and Rev. Chester Wright; an affidavit of Claude W. Youker, the court reporter who was with Mr. McNichols; and parts of the statements of Samuel E. Stratton, Mrs. Earl D. Paulson, Juanita D. Morris, Mrs. Hildred Johnson, and Rev. Chester Wright so taken by Mr. McNichols and Mr. Youker.

In opposition to the plaintiff's motion for summary judgment the defendants filed counter affidavits of John H. Swanson, Juanita D. (Morris) Swanson, W. Terrill Morris, and Mrs. Hildred Johnson.

Certain defendants also filed a motion to strike certain exhibits attached to the plaintiff's motion for summary judgment.

The Court denied the defendants' motion to strike certain exhibits to the plaintiff's motion for summary judgment, found that there was a question of fact, and denied the plaintiff's motion for summary judgment.

The defendants except Public Service Company then filed motions to strike the complaint and dismiss the action for these reasons:

"1. A declaratory judgment may not be used as a substitute for garnishment.

2. The plaintiff, State Farm Mutual Automobile Insurance Company, has an adequate remedy in a garnishment proceeding and can, in a garnishment proceeding, present any so-called policy defenses available to it.

3. The declaratory judgment provision of the Illinois Civil Practice Act, Section 57.1, which was formerly the Declaratory Judgment Act of 1945, is designed to supply deficiencies in legal

procedure which existed before enactment of
that Statute in 1945, and that an action for
declaratory judgment is not intended as a sub-
stitute for ample remedies in—use before its
adoption."

The Court granted the defendants' motions to strike
and dismiss, dismissed the cause with prejudice, and
entered a final judgment against the plaintiff and for
the defendants. The plaintiff did not request leave to
amend the complaint in any respect, and did not ob-
ject to the defendants' filing of their motions to strike
etc. or the procedure by which the matter was pre-
sented to and considered by the Court.

The plaintiff thereafter filed a motion for a stay
order against certain defendants asking to have
stayed further proceedings in certain allegedly pend-
ing cases in the same Court, Valerie Stratton et al. v.
Juanita Morris et al., No. 59–426, Nancy Paulson et al.
v. Juanita D. Morris, No. 60–122, and John H. Swan-
son v. Juanita D. Morris Swanson, No. 60–121, pending
this present case in the Appellate Court. The court
denied the plaintiff's motion.

The plaintiff appeals from the order granting the
defendants' motion to strike the complaint and dismiss
the action and dismissing the cause, and from the
order denying the plaintiff's motion for summary judg-
ment.

It is the plaintiff's theory that it has no other ade-
quate remedy to determine whether there is coverage
under the policies and whether it has a duty to defend
the pending tort actions, and that it was error to dis-
miss this cause. It is also the plaintiff's theory that by
virtue of the pleadings, admissions, affidavits, and
counter-affidavits there is no genuine issue of material
fact, and, therefore, it was mandatory for the court to
grant the plaintiff's motion for summary judgment.

It is the defendants' theory that the plaintiff has a plain, adequate, and complete remedy available to it in a garnishment proceeding; the plaintiff may not arbitrarily substitute a declaratory judgment action for garnishment; and the trial court, in the exercise of a sound judicial discretion, correctly dismissed this action. It is also the defendants' theory that the pleadings, affidavits, counter-affidavits, and admissible exhibits do make out a genuine issue of material fact, namely, the intent of John H. Swanson, and the trial court properly denied the plaintiff's motion for summary judgment.

■ Both the plaintiff and defendants have in their briefs here made some allusions to alleged matters which are not referred to in the abstracts. We have ignored all such allusions.

The basic question on the merits presented by the complaint for declaratory judgment is this: Juanita D. Morris is a "relative" of the "named insured" W. Terrill Morris. The Ford Thunderbird owned by John H. Swanson and which Juanita D. Morris was driving on August 22, 1959 was a "non-owned automobile". The insurance afforded by the policies applies generally to the use of a non-owned automobile by Juanita D. Morris, but such insurance does not apply "to a non-owned automobile . . . furnished to . . . a relative for regular use. . . ." Hence, was the Ford Thunderbird, owned by John H. Swanson, furnished to Juanita D. Morris, its driver, for regular use on August 22, 1959?

Section 57.1, declaratory judgments, of the Civil Practice Act, Ch. 110 Ill. Rev. Stats. 1959, par. 57.1, provides, so far as now material:

> "(1) No action or proceeding in any court of record is open to objection on the ground that a merely declaratory judgment, decree or order is sought thereby. The court may, in cases of actual controversy, make binding declarations of rights,

458

having the force of final judgments, whether or not any consequential relief is or could be claimed, including the determination, at the instance of anyone interested in the controversy, of the construction . . . of any . . . contract or other written instrument, and a declaration of the rights of the parties interested. The foregoing enumeration does not exclude other cases of actual controversy. The court shall refuse to enter a declaratory judgment, decree or order, if it appears that the judgment, decree or order, would not terminate the controversy or some part thereof, giving rise to the proceeding."

 This Section, originally enacted in 1945, is essentially the form of declaratory judgment statute in force in Michigan (Mich. Comp. Laws 1929, Sec. 13903) with adaptations taken from English Order XXV, Rule 5, and the Uniform Declaratory Judgments Act (9 Uniform Laws Annotated). A declaratory judgment is unknown to the common law, is a creature of the statute, the act is to be liberally construed, but its provisions are to be strictly complied with and the prescribed rules of procedure followed: Jones v. Hodges (1954) 2 Ill.App.2d 509, 119 N.E.2d 806. The declaratory judgment procedure is strictly remedial. The section does not create substantive rights or duties, but merely affords a new, additional, and cumulative procedural method for their judicial determination. The declaratory judgment procedure is not a substitute for ample remedies in use before its adoption. It does not replace but merely adds to existing remedies a form of judgment to declare the rights of the parties. The remedy of declaratory relief is not exclusive, but merely cumulative and alternative. The existence of other remedies does not necessarily preclude judgment for declaratory relief, even though such other remedies may be equally effective, but the existence of another

adequate remedy has an important bearing upon the question of the exercise by the court of declaratory relief to the parties, and it has been held that the existence of another adequate remedy is a bar to declaratory action and the complaint or petition therefor should under those circumstances be dismissed: Goodyear Tire & Rubber Co. v. Tierney (1952) 411 Ill. 421, 104 N.E.2d 222; Coven Distributing Co., Inc. v. Chicago (1952) 346 Ill. App. 448, 105 N.E.2d 137. The remedy is not designed to supplant existing remedies, nor afford a new choice of tribunals. It supplies a new form of relief where needed. It is restricted to questions that are within the province of a Court to determine, and if the case is not a case on which the Court could consider the possibilities of granting a declaration of rights the complaint therefor should, on the defendant's motion, be dismissed: Saline Branch Drain. Dist. v. Urbana-Champaign Sanitary Dist. (1948) 399 Ill. 189, 77 N.E.2d 158. If the question of whether the plaintiff will suffer any infringement of its rights is speculative—if the interests of the plaintiff will be adversely affected only in the event some future possibility occurs or does not occur—the action for declaratory judgment should be dismissed: Fairbanks, Morse & Co. v. Freeport, City of (1955) 5 Ill.2d 85, 125 N.E.2d 57. The requirement that the court shall refuse entry of declaratory judgment unless entry thereof will result in termination of the controversy, or some part thereof giving rise to the proceeding, is intended to emphasize the fact that the declaratory judgment procedure is not intended to permit litigation of moot or hypothetical cases, or to enable parties to secure advisory opinions or legal advice from the court with respect to anticipated future difficulties. It is not intended by that phrase to permit piecemeal litigation. There is little danger of such a result for the court is vested by the statute with discretion to

460

decline to award declaratory relief in any case. In appropriate cases the desirability of avoiding piecemeal litigation will serve as a proper and sound basis upon which to exercise that discretion. The granting or denying of declaratory relief even when the controversy or some part thereof will be settled thereby is discretionary with the court. It is provided in the second sentence of subsection (1) that the court *"may, in cases of actual controversy, make binding declarations of rights"*. The statute, by its terms, is permissive: Kitt v. Chicago (1953) 415 Ill. 246, 112 N.E.2d 607. The granting of declaratory relief is clearly within the discretion of the trial court, and dismissal of the action on the defendant's motion is an appropriate judicial method of declining to grant declaratory relief and is within the Court's discretion to do: Wolf v. Solem (1960) 26 Ill.App.2d 262, 167 N.E.2d 820. Even though the statute be broad enough to authorize the entry of a declaratory judgment, the Courts have a discretion as to whether they will enter a declaratory judgment: Goodyear Tire & Rubber Co., Inc. v. Tierney (1952) 411 Ill. 421, 104 N.E.2d 222. The discretion is not one to entertain the action but to enter or decline to enter the judgment or decree. See: Historical and Practice Notes, Ch. 110 Smith-Hurd Ill. Ann. Stats., par. 57.1.

In Hurley v. Finley (1955) 6 Ill.App.2d 23, 126 N.E.2d 513, the plaintiffs filed a complaint for alleged personal injuries resulting from an automobile collision. The defendants were served, but no answer filed. The insurance company which had issued an automobile insurance policy to one of the defendants filed a petition to intervene, to obtain a declaratory judgment as to its rights and obligations under the policy, and to enjoin prosecution of the suit until the declaratory judgment was obtained, alleging fraud by the defendants in regard to the policy. On the plaintiffs'

motion the court vacated an order allowing the intervention, and the Appellate Court affirmed. The Court said, p. 29:

> ". . . If matters alleged in the intervening petition are true (which we assume to be true for purposes of this appeal), then intervenor has a remedy afforded to it, as a matter of law. Its defenses may be raised in any subsequent proceeding where the plaintiff with a judgment would seek to collect the proceeds of the policy. There is no compelling reason confronting this court to force extension of the Rules relating to intervention or jurisdiction. . . ."

In Wolf v. Solem (1960) 26 Ill.App.2d 262, 167 N.E.2d 820, the Solems had claims against Wolf for damages arising out of an automobile collision. The Wolf's automobile insurance company made a settlement with the Solems and obtained purported releases. The Solems later sued Marcella Wolf for their damages. She moved to dismiss, which was denied. Before she was required to answer she and her husband and their insurance company filed a complaint for declaratory judgment against the Solems asking a declaration that the Wolfs were not obligated to the Solems and a stay of the Solems' suit pending the declaratory judgment suit. The Solems moved to dismiss the complaint for declaratory judgment, which was sustained, the complaint dismissed, and a final judgment entered for the defendants therein. This Appellate Court affirmed. The Court said, p. 267:

> "The complaint for declaratory relief and the affidavits on file in the instant case show that there was another action pending in the same court between substantially the same parties and involving substantially the same or similar issues. That action which had already accrued when the com-

462

plaint was filed, afforded the parties an adequate remedy at law for adjudication of their rights and liabilities, including the validity or invalidity of the releases. No material or genuine disputed question of fact with reference to the pendency of the other action was raised. In the light of the decisions cited above, dismissal of this action on defendants' motion was an appropriate judicial method of declining to grant declaratory relief, and was well within the trial court's discretion. . . ."

In Valente v. Maida (1960) 24 Ill.App.2d 144, 164 N.E.2d 538, Valente owned an automobile and had insurance thereon. Maida was driving it, with Valente's permission, and Valente was a passenger. There was a collision and Valente was injured. Valente sued Maida. A default judgment was entered against Maida. Thereafter Valente's insurance company moved in that injuries suit to vacate the default, verdict, and judgment, and the Court stayed all proceedings on the judgment until disposition of a complaint for declaratory judgment in a separate suit filed by the insurer. The plaintiff Valente appealed from that interlocutory stay order. Meanwhile, and before the default had been entered in that injuries suit the Valente insurance company had filed a separate declaratory judgment suit against Valente and Maida and thereafter a motion for temporary injunction and the Court in that declaratory judgment case entered an order restraining Valente from further action in the injuries suit pending a final judgment in the declaratory judgment suit. Valente appealed from that interlocutory order also. The Appellate Court reversed both interlocutory stay orders. The Valente insurance company had alleged in its complaint for declaratory judgment a failure by Valente to forward to it the notice, demand or summons, pursuant to the policy, and failure to

463

cooperate with it, and that a genuine controversy existed as to whether it was required to afford Maida a defense in Valente's injuries suit and to pay any judgment which might be entered. The Appellate Court said, p. 151–2:

> "A declaratory judgment action may not be used as a substitute for garnishment. The insurer cannot suffer any loss until there has been a judicial determination in a garnishment or other proceeding against it. It has an adequate remedy in that proceeding and can present any defenses available to it under its policy. . . ."

Where a party injured in an automobile collision has obtained a judgment in an Illinois State Court against the defendant and his employee, which employee was driving his own car, and a garnishment against the defendant's automobile liability insurer is in preparation, a declaratory judgment suit brought by the insurer in the Federal Court in Illinois to determine whether its policy covered the matter should be dismissed, the Court holding that an Illinois garnishment proceeding would afford opportunity to determine the exact question, the granting of relief under the declaratory judgment act rests in the sound discretion of the Court, and under the facts the Court exercised a sound judicial discretion in dismissing the complaint: American Automobile Ins. Co. v. Freundt et al. (1939) 103 F.2d 613, C. C. A. 7th. In State Farm Mutual Auto Ins. Co. v. Wise (1936) 277 Mich. 643 the Supreme Court of Michigan reversed a judgment for a plaintiff insurer in a declaratory judgment suit by it against its insured and certain injured claimants who had sued its insured in a currently pending injuries suit, the insurer claiming the car was being operated in a race and the accident was not covered by the policy, the Court saying that there was no

threatened invasion of the plaintiff's rights, no emergency, no ambiguity in the policy, and whatever defense the insurer may have under the policy may be raised after a judgment (if any) is obtained against its insured in the injuries suit. In Wolverine Mutual Motor Ins. Co. v. Clark (1936) 277 Mich. 633 the Supreme Court of Michigan again reversed a judgment for a plaintiff insurer in a declaratory judgment suit against its insured and an injured claimant who intended to but had not yet sued its insured in an injuries suit, the insurer claiming the car was driven by or under control of its insured's son and was not covered by the policy,—the Court observing that the insurer's liability to pay cannot accrue until the claimant has a judgment against its insured, the insurer's claimed defense may be made either in an action by the insured on the policy or in a garnishment proceeding by the claimant after judgment as completely as in the declaratory judgment suit, the insurer has another adequate remedy, there is no necessity for declaratory judgment, no certainly final judgment could be rendered in the declaratory judgment case, the most the Court could do would be to enter a prophetic judgment, which would necessarily be contingent because the insurer's liability situation could be changed by estoppel arising from future acts, and the judgment in the declaratory judgment suit might be affected by future events.

Under the plaintiff insurer's policies it agrees:

*"Insuring Agreement I—the automobile—Coverages A and B—(A) Bodily Injury Liability and (B) Property Damage Liability.* (1) To pay all damages which the insured shall become legally obligated to pay because of (A) bodily injury sustained by other persons, and (B) injury to or destruction of property of others, caused by accident arising out of the ownership, main-

465

tenance or use, . . . of the automobile. . . . (2) As respects the insurance afforded under coverages A and B and in addition to the applicable limits of liability: (a) to defend any suit against the insured alleging such bodily injury or destruction and seeking damages on account thereof, . . . Coverage C—Medical Payments. To pay reasonable expenses incurred within one year from the date of accident for necessary medical, . . . services . . . Division 2. To or for any other person who sustains bodily injury, caused by accident, while occupying or through being struck by the automobile, . . . ." Those coverages, A, B, and Division 2 of C, plus Coverage M—Major Medical Payments, Coverage D—Comprehensive, Coverage D–50—Comprehensive ($50 deductible), Coverage F—Eighty Per Cent Collision, Coverage G—Deductible Collision, and Coverage H—Emergency Road Service, are the types of insurance applicable under the policies to the use of a non-owned automobile, if any insurance is applicable. And in the "policy conditions" the policies provide ". . . 2. Action against company. No action shall lie against the company: (a) unless as a condition precedent thereto there shall have been full compliance with all terms of this policy; (b) under coverages A and B until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company. Any person . . . having secured such judgment or agreement, shall be entitled to recover under this policy to the extent of the insurance afforded. Nothing contained in this policy shall give any person or organization any right to join the company as a co-defendant in any action against the insured to determine the insured's liability".

 The principal things the plaintiff asks, essentially, are a declaratory judgment that it has no

466

obligation (1) to pay any damages which Juanita D. Morris may become legally obligated to pay (or indemnify her) because of bodily injuries sustained by others or injury to or destruction of property of others under Coverages A and B, or (2) to defend any suit against her alleging such injury or destruction, or (3) to pay any of the claimants any medical etc. expenses or other benefits under Coverages C (Division 2), M, D, D–50, F, G, or H, which are not necessarily conditioned on the liability of Juanita D. Morris, because, as the plaintiff alleges, the Ford Thunderbird, owned by John H. Swanson, was a non-owned automobile furnished to Juanita D. Morris, its driver, for regular use on August 22, 1959.

As to the first matter, which is, by far, the larger, primary matter here concerned—whether the plaintiff has any obligation to pay any damages which Juanita D. Morris may become legally obligated to pay (or indemnify her) because of bodily injuries to or injury to or destruction of property of others under Coverages A and B, it seems clear to us that the plaintiff has an entirely adequate remedy in any future garnishment proceeding which may be brought against it if any claimant obtains a judgment against Juanita D. Morris and she does not pay such or in any future suit by her against it if she does pay such, in which proceeding or suit it can present fully its alleged policy defense. Under the policy no action lies against it unless there has been full compliance with the policy, and, as to bodily injuries to or injury to or destruction of property of others, not until a judgment against Juanita D. Morris (or an agreement by it, her, and the claimant). Whether it will suffer any infringement of its rights is, as of now, speculative—its interests will under no circumstances be adversely affected except in the event of a future possible judgment or judgments against Juanita D. Morris, which event may or may not occur.

467

It is not within the province of the Court in this declaratory judgment suit to determine a speculative question. It could not enter a prophetic judgment contingent in character which would be subject to being affected by future uncertain events. Rodenkirk v. State Farm Mut. Automobile Ins. Co. (1945) 325 Ill. App. 421, 60 N.E.2d 269, is an instance where an alleged policy defense rather similar to that in the case at bar was presented in a garnishment proceeding evidently involving the same insurer as here and that case on its particular facts was determined favorably to the garnishee insurer.

As to the third matter, which is the only other insurance coverage matter, as such, here concerned, whether the plaintiff has any obligation to pay any of the claimants any medical etc. expenses or other benefits under Coverages C (Division 2), M, D, D–50, F, G, or H, which are not necessarily conditioned on the liability of Juanita D. Morris, it seems equally clear to us that the plaintiff has an entirely adequate remedy in any future suit which may be brought against it by any claimant, in which suit it can present fully its alleged policy defense. Again, under the policy no action lies against it unless there has been full compliance with the policy. Harter v. Country Mut. Ins. Co. (1959) 20 Ill.App.2d 413, 156 N.E.2d 243, where the executors of an insured and his deceased wife sued their automobile insurer for certain alleged accidental death benefits, is an example where an alleged policy defense somewhat similar to that in the case at bar was presented in the law suit brought against the insurer on its policy and a judgment for the plaintiffs was reversed and remanded for a new trial.

As to the second matter—whether the plaintiff has any obligation to defend any suit against Juanita D. Morris alleging bodily injuries sustained by others or

injury to or destruction of property of others—this is not a separate, distinct insurance coverage, as such, like "Coverages A and B—(A) Bodily Injury Liability and (B) Property Damage Liability", or "Coverage C–Medical Payments. Division 2", or Coverages M, D, D–50, F, G, or H. It is simply an incidental part, in a sub-subparagraph, of "Coverages A and B—(A) Bodily Injury Liability and (B) Property Damage Liability". In the nature of things it is a smaller, subordinate, incidental, secondary matter, not a larger, primary matter. To present it here in this declaratory judgment case partakes of asking the Court for an advisory opinion or legal advice or business judgment policy advice as to what the plaintiff may, can, or should do, which is beyond the province of the Court to determine. If a declaratory judgment is inappropriate as to the first and larger, primary matter foregoing, as we've indicated, it is also inappropriate as to this second and smaller, subordinate, incidental, secondary matter. And if, as we've said, a declaratory judgment is inappropriate as to both the first and third matters foregoing—the only insurance coverage matters, as such, here involved—it would be improperly permitting piecemeal litigation on a smaller, incidental matter to say that a declaratory judgment might be entered on this second matter even if it were thought that a declaratory judgment were otherwise appropriate as to that—a judgment which, further, would not terminate this controversy as to its larger, primary features. If this second matter poses an awkward and difficult problem and dilemma at this stage for the plaintiff insurer as to what to do, it is primarily at this point a business judgment policy problem inherent in the nature of its business and in the language of its own policy, which the Court is not required in this declaratory judgment suit to solve.

469

There are, of course, many matters as to which the law may not at a particular stage of the proceeding have any answer.

If the existence of other entirely adequate remedies as to the larger, primary matters here concerned do not necessarily preclude a declaratory judgment, such factor at least has an important bearing upon the exercise by the Court of declaratory relief to the parties. And the desirability of avoiding piecemeal litigation is a proper and sound basis upon which the Court may exercise its discretion to decline declaratory relief even if it were thought a declaratory judgment might be otherwise appropriate as to some lesser, secondary phase of the case. The granting or denying of a declaratory judgment was within the judicial discretion of the trial court. There was no manifest abuse of discretion in dismissing the action.

Under the circumstances it is not necessary to determine whether there was error in denying the plaintiff's motion for summary judgment.

The judgment will, accordingly, be affirmed.

Affirmed.

WRIGHT, J. concurs.

SPIVEY, J. concurs.