Trojan Fireworks Company, a Corporation, Plaintiff-Appellant, v. Acme Specialties Corporation, a Corporation, and American Plasticraft Company, a Corporation, Defendants-Appellees.

Gen. No. 50,183.

First District, Second Division.

December 21, 1965.

Kahn, Adsit, Arnstein, Gluck, Weitzenfeld & Minow (formerly Kahn, Adsit & Arnstein), of Chicago (Leo H. Arnstein, Sherman D. Weiss and Michael R. Turoff, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann & Hoban, of Chicago (John M. Moelmann and D. Kendall Griffith, of counsel), for Acme Specialties Corporation; Vogel & Vogel, of Chicago (David F. Holland, of counsel), for American Plasticraft Company, defendants-appellees.

MR. JUSTICE LYONS delivered the opinion of the court.

This is an appeal from an order entered in favor of defendants, in a declaratory judgment action brought to determine plaintiff's right to an action over for indemnification.

Plaintiff is a California corporation engaged in the purchase and sale of fireworks solely at wholesale. Defendants are Illinois corporations engaged in the design, manufacture, distribution and sale of fireworks. From time to time, plaintiff purchased fireworks from defendants, including a certain explosive toy known as a

"Space Flyer." Plaintiff distributed a quantity of these toys in California.

Subsequently, Linda DiGiorgio, a minor and a resident of California, brought an action in a California State court against plaintiff, defendants and others who followed plaintiff in the chain of distribution. In that lawsuit, hereinafter referred to as "the California suit," the minor asked for money damages. She alleged negligence, by all of the parties in the chain of distribution, in the design, manufacture, distribution and sale of the "Space Flyer" toy. She further alleged that it shattered and struck her in the face and eyes while being used in the manner for which it was designed. She also alleged that all of the parties in the chain of distribution were guilty of having breached an implied warranty of fitness. Her father joined in the action to recover medical expenses allegedly incurred in his daughter's behalf. Although named as parties defendant, neither defendant in this action has been served with summons in the California suit and neither is susceptible of or has submitted to the jurisdiction of the California court.

Unable to bring defendant within the jurisdiction of the California court, Linda DiGiorgio and her father instituted suit against them in the United States District Court of the Northern District of Illinois. Plaintiff says that it was not and could not be made a defendant in that suit.

On September 9, 1963, plaintiff filed its complaint in the Circuit Court of Cook County against defendants seeking a declaration of its rights against defendants arising out of the transactions. American Plasticraft Company filed its answer to which plaintiff filed a reply. Acme Specialties Corporation filed a motion to dismiss, which was sustained.

Plaintiff was granted leave to file an amended complaint. Count I alleged sales by defendants American and Acme to plaintiff and the existence of implied warranties

110

arising therefrom. It further alleged the breach of those warranties, the existence of the California suit, notice by plaintiff of the pendency of the California action and a demand by plaintiff that defendants undertake the defense of said suit and indemnify and save plaintiff harmless therein, defendants' failure and refusal to defend or indemnify plaintiff in the California suit, and damage to plaintiff. Plaintiff prayed for a declaration that defendants made implied warranties to plaintiff; that defendants breached their warranties; that defendants are liable to plaintiff for any and all sums reasonably expended and/or incurred by it in the defense of the California suit; that defendants are liable to plaintiff for all sums reasonably to be expended by it in the defense of said California suit or in making a fair settlement thereof in good faith or in paying any judgment rendered against it; and that the court retain jurisdiction in order to grant such further relief as might be just and equitable.

Count II alleged due care by plaintiff and charged defendants with negligence. It further alleged that if plaintiff be found liable to the DiGiorgios in the California suit, it would be as a direct and proximate result of the negligence of defendants and that the costs, attorneys' fees and expenses incurred and to be incurred by plaintiff and any judgment that might be entered against it in the California suit were and would be the direct and proximate result of the negligence of defendants and that the defendants should indemnify and hold plaintiff harmless from any and all loss, cost, attorneys' fees and/or other expenses. Plaintiff prayed for a declaration that defendants were guilty of negligence; that plaintiff was free from contributory negligence; that Linda DiGiorgio's alleged injuries directly and proximately resulted from the negligence of defendants for which defendants are primarily responsible; that defendants are obligated to indemnify plaintiff and hold it

111

harmless from loss by reason of any judgment which might be entered in the California suit and by reason of reasonable costs, expenses and attorneys' fees which it has incurred and which it may incur in defending itself in the California suit; and that the court retain jurisdiction for the purpose of granting such further relief as might be just and equitable.

On August 24, 1964, the court entered an order granting defendants motions dismissing plaintiff's amended complaint on the sole ground that it was "prematurely brought." The order stated: "the Court makes no finding upon any other issue herein."

On September 22, 1964, plaintiff's motion to vacate the dismissal order and for leave to file a second amended complaint was denied. Plaintiff moved for leave to attach a copy of its second amended complaint as an exhibit to its motion to vacate the dismissal order. The motion was granted and the second amended complaint was filed as an exhibit to plaintiff's motion to vacate the dismissal order.

Plaintiff filed its Notice of Appeal on October 22, 1964. Said appeal is taken from the orders of August 24, 1964, and September 22, 1964.

Plaintiff's theory of this case is that its action for declaratory relief was not premature because its amended complaint presented a case of actual controversy, which would be substantially terminated by the declaration sought therein and which could not be substantially terminated in any prior pending suit.

Defendant, Acme's theory of the case is that the allegations of plaintiff's amended complaint are not a proper subject matter for declaratory judgment; that plaintiff's cause of action is barred by the pendency of prior cases involving the same issues; that another adequate remedy exists; and that plaintiff's action is improper in that it seeks relief based upon a hypothetical situation.

112

Defendant, American's theory of the case is that the factual issues in this case have already been raised in the California lawsuit; that there is no controversy between the parties until these factual issues have been resolved; and that the awarding of a declaratory judgment would not terminate the litigation since defendant should not be precluded from a judicial examination of the conduct of the California proceeding prior to the award of indemnity.

The applicable statutory provision involved in this case is found in Ill Rev Stats (1963), ch 110, sec 57.1:

> Declaratory judgments. (1) No action or proceeding is open to objection on the ground that a merely declaratory judgment, decree or order is sought thereby. The court may, in cases of actual controversy, make binding declarations of rights, having the force of final judgments, whether or not any consequential relief is or could be claimed, including the determination, at the instance of anyone interested in the controversy, of the construction of any statute, municipal ordinance, or other governmental regulation, or of any deed, will, contract or other written instrument, and a declaration of the rights of the parties interested. The foregoing enumeration does not exclude other cases of actual controversy. The court shall refuse to enter a declaratory judgment, decree or order, if it appears that the judgment, decree or order, would not terminate the controversy or some part thereof, giving rise to the proceeding.

Despite other contentions raised by the parties, the only issue that has to be decided by us is whether the finding by the trial court that plaintiff's declaratory judgment action was brought prematurely, was proper. In order to reverse the order we would have to find either: one, that the declaratory relief was not premature by reason

113

of the pendency of another litigation or; two, that the action was not prematurely brought for lack of actual controversy.

■ By application of the doctrine of res judicata, where another appropriate action involving the same subject matter and issues is already pending when the declaratory judgment is commenced, a declaratory judgment proceeding will not ordinarily be entertained, in that declarations and decisions must be made in the first instance by the court whose power is first invoked. Plaintiff has cited a number of Illinois cases in which declaratory judgment actions were brought to declare rights under an insurance policy. While it is true that in those situations another case was pending arising out of the same transaction, the pending case was for personal injuries and thus did not involve the same issues. The case at bar represents a different situation in that identical issues are present.

Plaintiff disagrees with defendants' contention that Hudson v. Mandabach, 22 Ill App2d 296, 160 NE2d 715 (1959) is controlling in the instant case. In that case the court stated at page 298:

> "To hold that there could be a declaratory judgment action in one court simultaneously with a case pending in a different court, *involving the same parties* and a similar issue, would open the door to abuses. This could result in multiple litigation, unavoidable interference and conflict among the courts and attempts to obtain persuasive findings or advisory opinions with the intent to affect the outcome of concurrent cases.

> "In the case of Fairbanks Morse & Co. v. Freeport, City of, 5 Ill2d 85, a declaratory judgment was asked in the Circuit Court while a case involving the same issues and parties was pending in the County Court. The Court said: 'The Circuit Court suit was but an

effort to make the declaratory judgment provisions of Civil Practice Act serve the function of securing a Circuit Court decision for the purpose of conclusively determining litigation then pending *between the same parties* in the County Court. When a matter is thus pending in the County Court and that court's jurisdiction is based upon a statutory grant of power, we do not believe the declaratory judgment proceedings commenced subsequently in the Circuit Court can be used to oust the County Court of its jurisdiction to pass upon the matter.' " (Emphasis supplied.)

 Plaintiff points out that different parties are present in the case at bar than those involved in the California suit. Plaintiff overlooks, however, that one branch of the doctrine of res judicata is that of collateral estoppel. Under the law of collateral estoppel issues raised in a pending proceeding will bar parties *and their privies* from raising these issues in another cause of action. (Emphasis supplied.) Crockett v. Harrison, 26 Ill App2d 9, 167 NE2d 428 (1960). Tezak v. Cooper, 24 Ill App2d 356, 164 NE2d 493 (1960). In the case at bar, plaintiff is a party to the California lawsuit. A determination here, that plaintiff has a right of indemnification against defendants, would place defendants in privity with plaintiff. As a result, an adjudication in the California lawsuit, would also be binding on defendants. For this reason the trial court properly found that plaintiff's declaratory action was premature. We, therefore, affirm the decision of the lower court.

Judgment affirmed.

BURKE, P. J. and BRYANT, J., concur.