The judgment is reversed, and the appeal is dismissed.

---

## POWELL v. STATE.

(Court of Criminal Appeals of Texas.    March 4, 1914.)

1. CRIMINAL LAW (§ 1099*)—APPEAL—STATEMENT OF FACTS—TIME FOR FILING.

On appeal from the county court, a statement of facts filed within 20 days after adjournment could not be considered, where no order was entered allowing the filing after adjournment.

[Ed. Note.—For other cases, see Crimnial Law, Cent. Dig. §§ 2866–2880; Dec. Dig. § 1099.*]

2. CRIMINAL LAW (§ 1097*)—APPEAL—RECORD—MATTERS PRESENTED FOR REVIEW.

The overruling of a motion for a new trial on the ground that the verdict and judgment were not sustained by, and were contrary to, the evidence was not reviewable in the absence of a statement of facts.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2862, 2864, 2926, 2934, 2938, 2939, 2941, 2942, 2947; Dec. Dig. § 1097.*]

3. CRIMINAL LAW (§ 1090*)—APPEAL—RESERVATION OF GROUNDS OF REVIEW—EXCEPTIONS.

Alleged errors in excluding and admitting evidence could not be reviewed, where no bills of exception were reserved to the court's rulings.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2653, 2789, 2803–2822, 2825–2827, 2927, 2928, 2948, 3204; Dec. Dig. § 1090.*]

Appeal from Freestone County Court; R. L. Williford, Judge.

J. W. Powell was convicted of unlawfully obstructing a public road, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, J.    Appellant was convicted of unlawfully obstructing a public road; his punishment being assessed at a fine of $25.

[1-3] The statement of facts contained in the record was filed within 20 days after adjournment of the court; but the record does not contain an order allowing the filing of the evidence after the term of court adjourned. The certificate of the clerk shows that there was no order entered at all allowing the filing of the statement of facts after adjournment of court. Therefore, under numerous decisions, the evidence cannot be considered. In the absence of a statement of facts, there is nothing that can be considered. The motion for new trial alleges that the verdict and judgment are not sustained by the evidence, but contrary to it. Of course, without the evidence, we cannot review this question. Grounds Nos. 1 and 2 allege that the court erred in overruling objections to the testimony of certain witnesses. These matters cannot be considered, because bills of exception are not reserved, at least are not found in the transcript. Another ground alleges the court erred in refusing to permit the defendant to prove certain facts by the witness Bailey. This is not verified by bill of exceptions, and cannot be considered. The fourth ground alleges that the court erred in refusing to permit the defendant to prove by another witness, who was road overseer, certain facts. This matter is in the same condition as the others, and cannot be considered, because bill of exceptions is not presented.

As the record is presented to us, the judgment must be affirmed.

---

## NATIONAL LIVE STOCK INS. CO. v. HENDERSON.

(Court of Civil Appeals of Texas.    Texarkana. Feb. 6, 1914.    Rehearing Denied Feb. 19, 1914.)

1. INSURANCE (§ 538*)—CONTEMPLATED LOSS—NOTICE.

Where an animal insurance policy provided for notice forthwith by registered mail or telegraph to the main office of the insurer in case of illness or accident to the animal insured, a notice to the insurer's local agent was sufficient; it appearing that the same was immediately forwarded to and received by the insurer.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1327; Dec. Dig. § 538.*]

2. INSURANCE (§ 539*)—ANIMALS—ILLNESS—NOTICE—REPORT.

Where an animal insurance policy required notice of sickness or accident forthwith to the insurer with the name of the veterinarian employed, it being impossible for the assured to procure a veterinarian between the time of the serious sickness of the animal and its death, notice of death immediately thereafter was a compliance with the policy.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1328–1336; Dec. Dig. § 539.*]

Appeal from District Court, Harrison County; H. T. Lyttleton, Judge.

Action by J. L. Henderson against the National Live Stock Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Young & Stinchcomb, of Longview, for appellant. P. M. Young, of Marshall, for appellee.

HODGES, J.    The appellee, J. L. Henderson, sued the appellant in the justice court of Harrison county on a policy of insurance theretofore issued on the life of a certain

---

animal on which the appellee held a mortgage. He recovered a judgment for $75 in the justice court and in the district court, to which an appeal was prosecuted.

The appellee has filed a motion in this court to dismiss the appeal for want of jurisdiction, but we think there is no merit in the motion, and it is accordingly overruled. It is conceded that the appellee was entitled to recover unless his claim was defeated by a failure to comply with certain provisions of the policy and a stipulation in the application for insurance. The following are the provisions of the policy referred to: "(1) This company will not be liable for losses occurring if the assured, in case of sickness or accident to the animal or animals hereby insured, shall fail to report forthwith by registered mail or telegraph notice to the company at its home office, 706 Majestic Building, Indianapolis, Indiana, such sickness or accident together with the name and address of the veterinarian employed. (2) This policy shall be void unless in case of loss by death under this policy the assured shall forthwith, by registered mail or telegraph, give notice thereof to the secretary of the company at its home office, 706 Majestic Building, Indianapolis, Indiana." The application contained the following question: "Do you agree that the said animals (and each of them) shall be well cared for and not neglected or abandoned or exposed to danger, and in case of sickness or accident that the same shall receive the care of a veterinary surgeon?" To this question the applicant answered, "Yes." The appellee testified, in substance, that the mule had been in charge of a negro, Isom Cater; that about a month prior to its death Cater brought the mule to him and told him that it did not seem to be doing well; that the mule did not seem to him to be sick at the time, but had no appetite. Appellee gave the animal some condition powders and administered such treatment as he thought was proper, and also notified appellant's local agent at Marshall who had issued the policy. On the 29th of June the mule seemed to get suddenly worse. Appellee immediately notified appellant's local agent, and both the agent and appellee endeavored to procure the services of a veterinarian, but were unable to do so on account of the absence of the only two veterinarians residing in that vicinity. The mule died the next day. It had been kept in the appellee's pasture about five miles from the city of Marshall.

[1] Immediately upon the death of the animal, notice was given the appellant's local agent at Marshall, and the agent immediately forwarded the proofs of loss, which the evidence shows were received at the home office of the appellant. No question is raised about this notice having been promptly received at the home office. It is immaterial therefore that the notice was transmitted by the agent of the appellant instead of by the assured. There is nothing in the evidence to indicate that the animal was not properly cared for, during its illness, or that a veterinarian was not called for as soon as its condition became sufficiently serious to require such attention.

[2] The question, then, is: Should a recovery be denied because of the failure of the assured to report forthwith by registered mail or telegraph notice of the company at its home office of the illness of the animal before its death? Clauses in contracts which provide for forfeitures should be strictly construed against the party in whose favor they are intended to operate. The notice here provided for may be given as well after the death of the animal as before, provided it is done "forthwith" after the injury or after the sickness assumes a form which may reasonably be regarded as sufficiently serious to require medical treatment or the attention of a skilled veterinarian. It is easy to conceive of instances in which there could be neither time nor opportunity for employing a veterinarian, or for giving the notice here provided for, before death. The trial court had a right to conclude that as soon as the animal's condition indicated the need of skilled attention the appellee endeavored to procure the services of a veterinarian, and failed through no fault of his own, and that the animal's death so soon thereafter prevented the transmission of the notice before it died. Under such circumstances, the notice which was thereafter sent of the death of the animal by the agent might well be regarded as a sufficient compliance with this clause of the policy.

We do not think it can be said as a matter of law that the judgment of the court is not supported by the evidence, and it is, accordingly, affirmed.