THE NEW YORK CENTRAL RAILROAD COMPANY, Appellee, *vs.* J. EDWARD KINSELLA, Appellant.

*Opinion filed October 28, 1925—Rehearing denied December 3, 1925.*

EJECTMENT—*when court should not direct verdict for plaintiff—limitations.* In an action for ejectment, although the plaintiff's record title is undisputed, the court should not direct a verdict for the plaintiff where the defendant sets up the defense of twenty years' adverse possession and the evidence for the defendant is sufficient, standing alone, to meet the legal requirements necessary to establish title by adverse possession, as the court has no power to determine the weight of the evidence in such case, thereby depriving the defendant of his right to a jury trial.

APPEAL from the Circuit Court of Kankakee county; the Hon. ARTHUR W. DESELM, Judge, presiding.

E. P. HARNEY, and MILLER & STREETER, for appellant.

W. R. HUNTER, and EVA L. MINOR, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellee, the New York Central Railroad Company, brought this action of ejectment against appellant to recover possession of a triangular piece of land lying in the southeast corner of the northwest quarter of section 16, township 31, north, range 14, east of the third principal meridian, in Kankakee county. Issue was joined, a trial was had and judgment rendered for appellee. Appellant paid the costs and took a new trial under the statute. The case was tried again at the October term, 1924, by a jury, and at the conclusion of all the evidence the court, on motion of appellee, directed a verdict in its favor and rendered judgment on the verdict, from which judgment appellant has prosecuted this appeal.

Appellee's railroad track runs diagonally from northeast to southwest across the southeast part of the northwest quarter of section 16, and the small tract of land in controversy, containing between six and seven acres, lies in the southeast corner of the quarter section and is outside of the right of way of appellee. The railroad track was originally built by the Indiana, Illinois and Iowa Railroad Company on a right of way 100 feet wide, which was fenced by the railroad company in 1883. The disputed tract lies southeast of the railroad right of way fence. In 1889 Henry Stuenkel, who appears then to have owned the land in controversy, conveyed it by warranty deed to the railroad company. Since then appellee has succeeded to the title and ownership of all of the property of the Indiana, Illinois and Iowa Railroad Company. The suit for the possession of the land was begun in 1923.

It is not denied that appellee is the owner of the record title to the land. Appellant claims title by virtue of the twenty-year Statute of Limitations. About 1883 Millard J. Sheridan became the owner of a farm of about 1200 acres south of and adjoining the right of way of the railroad

company.   The Sheridan farm was, as we understand it, enclosed by fences, and the disputed tract of land was outside the right of way of the railroad company and inside the enclosure of Sheridan.   The land was low, wet land, which could only be used for pasture and to cut hay from, until within the last few years before suit was brought, when part of it was cultivated for crops.   During the time Sheridan owned the farm his cattle pastured on the disputed tract and some years he cut hay from it.   Such use of the land was continued by Sheridan until he conveyed it, in 1909, to appellant, who has since used it in the same manner, except that he or his tenants raised crops on part of it two or three years.

Appellant contends his proof tended to meet all the requirements necessary to constitute a title by adverse possession in him and his predecessors in title and that the court erred in directing a verdict for appellee; that where the evidence is conflicting it is not the function of the court to determine the weight and preponderance of the testimony where the case is tried by jury, but that should be determined by the jury.   Without reference to which side had the preponderance of the evidence, if appellant's evidence legally tended to prove his defense the court should not have directed a verdict for appellee but should have submitted the question of the weight and preponderance of the evidence to the jury.   When there is no evidence before the jury in an ejectment suit tending to prove plaintiff's title the court may properly instruct the jury to find for the defendant, but when the evidence is conflicting it is not the province of the court to weigh the testimony and determine where the preponderance is.   (*Eddy* v. *Gage,* 147 Ill. 162.)   The same is also true when the proof is conflicting, that of the defendant tending to establish his title.   In *Mirich* v. *Forschner Contracting Co.* 312 Ill. 343, this court held that when a case is tried by jury the court has no power to determine the weight and preponderance of

conflicting testimony offered to establish or disprove the facts, and that the assumption of such power by the court would violate the constitutional right of trial by jury. Our first duty, then, is to determine whether there was any evidence legally tending to establish appellant's defense.

The land in dispute was never fenced in any enclosure by appellee or its predecessor in title. Sheridan became the owner of a 1200-acre farm adjoining the railroad right of way on the southeast, and he and appellant, as his successor in title, have since been in the possession and use of the farm. The disputed tract was not embraced in the description in Sheridan's deed or in the deed from him to appellant, whose claim of title is based wholly on adverse possession for more than twenty years. It is not disputed that appellee is the owner of the record title, but neither it nor its predecessor has ever been in possession. It is in appellant's enclosure, and the proof showed that he and Sheridan pastured it and cut hay from it for more than twenty years, and appellant testified Sheridan drove him all over the farm before he bought it and pointed out the lines of the land he (Sheridan) owned, and that the north boundary line of the farm was the railroad right of way fence, and, as we understand, that was strictly true both east and west of the disputed tract.

We are not required, and it would not be proper for us, to express any opinion as to the character of the possession of appellant and Sheridan shown by the proof, or whether, in view of all the testimony, it was sufficient to establish title by adverse possession. Without any intimation as to its sufficiency, standing alone, it certainly tended to prove adverse possession for more than twenty years. *Eddy* v. *Gage, supra.*

The court erred in directing a verdict for appellee. The judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*