Ellis N. Harter and Martha Hollingsworth, Executors of the Estates of Omar N. Harter and Helena Karr Harter, Plaintiffs-Appellees, v. Country Mutual Insurance Company, Defendant-Appellant.

Gen. No. 10,192.

Third District.
February 17, 1959.
Released for publication March 5, 1959.

William J. Bach, of Bloomington (Frank M. Brady, of counsel) for defendant-appellant.

Costigan, Wollrab & Yoder, of Bloomington, for plaintiffs-appellees.

JUDGE CARROLL delivered the opinion of the court.

This action was brought by the executors of the estates of Omar N. Harter and Helena Karr Harter, to recover certain death benefits allegedly due the said estates under an insurance policy issued by defendant on a 1954 Packard automobile registered in the name of Omar N. Harter, which will be referred to as the insured vehicle. The claim to benefits arose from a fatal accident while decedents were riding in a 1956

Packard. The policy upon which plaintiff's case is predicated provides in substance that if the insured's death or that of his spouse results from an accident while riding in the insured vehicle, the insurer will pay certain death benefits: $1,000 in behalf of the insured and $500 in behalf of his wife. The policy also contains the following provisions:

"Benefits payable under Section V shall likewise apply to the named insured or spouse of the named insured or any dependent person under the age of 21 whose legal residence is the household of the named insured and with respect to whom the named insured or spouse is a parent or stands in *loco parentis*, in event of injury sustained while riding in or actually entering or alighting from any other private passenger automobile not owned by, registered in the name of, or furnished for the regular use of any such person. In the event other valid and collectible insurance is payable because of such injury then the benefits provided in this paragraph shall be applicable only to any excess of expense not covered by any such other insurance."

"Other Insurance: If the insured carries another policy issued by this company or by any other insurer against any loss and/or expense covered by this policy, the insured shall not recover from this company a larger proportion of the entire loss and/or expense than the amount hereby insured bears to the total amount of valid and collectible insurance applicable thereto."

In answering the complaint, the defendant pleaded certain affirmative defenses which in substance set up that the 1956 Packard was an automobile furnished for the regular use of the Harters and for such reason there was no coverage for death sustained in its use; that the Travelers Insurance Company had paid death benefits to the estates of Omar N. Harter and Helena Karr Harter under its policy on the 1956 Packard and

415

any payments due under defendant's policy are, under the prorata clause thereof, subject to proration with the Travelers Policy on the 1956 Packard. On motion of plaintiff, such of these affirmative defenses as related to the excess and proration provision of the policy were ordered stricken.

At the close of the evidence, the court instructed the jury to return a verdict for $1,000 in favor of the Omar N. Harter estate and for $500 in favor of the estate of Helena Karr Harter. The court refused defendant's special interrogatory as to whether the car in which Harters were riding at the time of their death was furnished for their regular use. Defendant's post-trial motion was denied and from a judgment on the verdict, defendant has appealed.

Defendant contends the trial court should have either directed a verdict in its favor or submitted to the jury for decision the fact question as to whether the 1956 Packard was furnished for the regular use of the Harters.

As to whether there is merit in such contention, must be determined from a review of the evidence.

The facts, concerning which there is no controversy, are that on October 3, 1956, while riding in a 1956 Packard automobile, Omar N. Harter and his wife, Helena Karr Harter sustained injuries resulting in their deaths; that the 1956 Packard was registered in the names of Emma D. Karr and Helena Karr Harter, who was and had been conservator for the former's estate since 1948 by appointment of the County Court of Marshall County; that Emma D. Karr, who was the mother of Helena Karr Harter, had lived with her daughter and husband since 1948; that she went to Florida in the Fall of 1955 and died there in 1957; that said automobile had been purchased about July 1, 1956 with funds from the conservator's account; that it replaced another car which had been registered in the

name of Emma D. Karr and Helena Karr Harter, Conservator; that this replaced car was taken to Florida in the Fall of 1955 and driven back to Illinois by Mrs. Harter in the Spring of 1956; that the 1956 Packard was purchased in Wenona, Illinois; that it was driven to Normal, Illinois, and kept in the garage at the residence of the Harters; that from the time of its purchase until the date of the accident, it was the only car available for the use of the Harters; that the estate of Emma D. Karr included 3 farms in McLean County, an 80 acre tract of land and an undivided interest in 287 acres in Marshall County and also personal property holdings; that during the Summer prior to her death, the conservator visited her ward's farm and transacted other conservatorship business in Wenona; that the insured vehicle was driven to Florida in the Fall of 1955 and remained there during the year 1956; that while the insured did not drive a car, he accompanied his wife on at least some of her business trips; that on the day of the fatal accident, the insured and his wife were en route to their daughter's home in Sycamore where they were going to baby sit with the latter's children; and that the 1956 Packard was insured under a policy issued by the Travelers Insurance Company which contained provisions for death benefits and medical expenses in the amounts of $1,000 for Helena Karr Harter and her husband.

Ellis Harter, one of the plaintiffs and son of Omar N. Harter and Helena Karr Harter, testified that he had lived with his parents in Normal, Illinois since July 1, 1956; that prior thereto he resided with them in Wenona; that his grandmother owned the home in Normal in which he and his parents lived and which had been remodeled and renovated during the Summer of 1956; that from the middle of June to the latter part of July in 1956, he attended summer school at Monmouth, Illinois; that he had a car of his own and re-

417

turned home every weekend; that the 1956 Packard was used in conducting the affairs of his grandmother; that his mother was conservator for her and (to quote witness) "had quite a bit of business to conduct; for example, the remodeling of the house required a great deal of attention; there were two suits pending that summer and that involved meetings with her attorney and also there were affairs at the bank pertaining to my grandmother and such things of that nature"; that his mother visited the farms during the Summer of 1956; that the money paid for operation of the car came from the conservator's account; that his father usually accompanied his mother when she was conducting affairs in relation to her business; that the conservator account was kept in the Wenona State Bank; that his mother owned farmland in Marshall, DeKalb and Lee Counties and that it was her custom to go around and look at these farms; that his mother possibly did use the 1956 Packard when not engaged in business of the conservatorship but as a rule she did not do so; that shortly after the death of his parents, an agent of defendant's company told him that he might have a claim under the policy on the insured vehicle; that subsequently he was contacted on two occasions by different investigators for defendant to whom he gave statements; that he told the first adjuster who called on him that his mother was conservator and used the insured vehicle in conducting her business; that a week before the accident the speedometer on the 1956 Packard showed the car had been driven 2500 miles.

On cross examination, the witness identified his signature on two written statements given to defendant's representative. In these instruments the following recitals appear: "My grandmother was in Florida at the time of the accident and her 1956 Packard was at her home in Normal, Illinois for the regular use of my

418

parents as their car was in Florida." "The car (1956 Packard) was used by my parents at all times while they were in Illinois. They did not have any other automobile in Illinois." Upon being called by defendant under Section 60, this witness testified that he recalled making the written statements in question and that the same were correct.

Robert Schmillen, cashier and vice-president of Wenona State Bank, a witness for plaintiffs, testified that he knew Mrs. Harter was conservator for her mother; that she spent a great deal of time in that connection; that he assisted her in purchasing bonds for the conservatorship; that she came to the bank in July and August of 1956 in a Packard car; that the Harters kept their personal accounts in the Wenona Bank and that witness assisted them with real estate taxes on both their personal holdings and those of the conservatorship.

The defendant's case consisted of an attempt to have the statements of Ellis Harter admitted into evidence. The trial court ruled these statements incompetent on the ground that the same were immaterial.

■ The parties agree that the only issue in this case is whether the 1956 Packard car was furnished for the regular use of Omar and Helena Karr Harter. Since consideration of the evidence is required in deciding this question, it is necessary to determine whether the trial court properly refused to admit the Ellis Harter statements in evidence. These statements were not offered for impeachment purposes but as admissions by a party to the suit as to facts material to the issues in this case, as such the same were competent as substantive evidence and should have been admitted.

■ The burden of proving that the 1956 Packard was not furnished to the Harters for their regular use rested upon plaintiffs. That burden was not shifted by

419

defendant's answer alleging that the car was furnished for the regular use of decedent. Soukup v. Halmel, 357 Ill. 576.

The trial court in directing a verdict, ruled that plaintiffs not only discharged their burden in that respect but that there was no conflict in the evidence and a complete absence of proof tending to support the defense interposed by defendant. In judging the propriety of the trial court's action, the rule applicable is well established and succinctly stated in Corrado v. Bingham, 17 Ill.App.2d 537, where it is said:

"The evidence is conflicting and it was peculiarly the province of the jury to determine the issues presented by the pleadings. It was not error for the court to deny plaintiff's motion for a directed verdict at the conclusion of all of the evidence. A court is never justified in directing a verdict for the plaintiff where there is evidence from which, when taken with all reasonable inferences and intendments to be drawn or deduced therefrom, the jury might reasonably return a verdict for the defendant. (New York Cent. R. Co. v. Kinsella, 318 Ill. 490; Mirich v. T. J. Forschner Contr. Co., 312 Ill. 343.)"

We think it apparent from the record in this case that conflicting evidence was produced on the trial. Application of the foregoing rule in such situation required submission of the issues to the jury.

We are unable to agree with plaintiff's contention that there is an uncertainty as to the meaning of the language of the policy. It plainly states that an insured, injured while riding in any other car furnished for the "regular use" of such person, shall not be entitled to certain benefits payable under the policy. Taken in its plain, ordinary sense, this language can only mean that the insured is not covered by the policy on the insured vehicle if he is injured in some other car which he can regularly use. The policy does not state that the exclusion applies only in case the other

420

car is used on any particular number of occasions. On the contrary, an insured, upon reading the same, could readily understand that the protection thereunder did not extend to every car in which he might be riding, but only to those which he did not have the right to use regularly. The factor determining whether the car used comes within the exclusion clause is whether such car is furnished for the regular use of the insured. In such situation, the rule that ambiguous language in an insurance contract shall be construed in favor of the insured has no application. Pioneer Life Ins. Co. v. Alliance Life Ins. Co., 374 Ill. 576.

From our review of this record, we are convinced that the trial court erred in directing a verdict for plaintiffs and accordingly the judgment will be reversed and the case remanded for a new trial.

Reversed and remanded.