**CIRCLE 4 STABLES, INC., Appellant,**

v.

**NATIONAL SURETY CORPORATION,**
**Appellee.**

**No. 7981.**

Court of Civil Appeals of Texas, Amarillo.

Feb. 2, 1970.

Rehearing Denied March 9, 1970.

Culton, Morgan Britain & White and Don L. Patterson, Amarillo, for appellant.

Gibson, Ochsner, Adkins, Harlan & Hankins and S. Tom Morris, Amarillo, for appellee.

JOY, Justice.

Suit upon insurance policy for loss by reason of death of a quarter horse stallion. From judgment for defendant insurer, plaintiff insured has appealed.

Plaintiff secured a one year livestock transportation and mortality insurance policy effective March 13, 1967 covering, among other animals, one quarter horse stallion named Dandy Bar Jr. in an amount of $30,000.00. During the summer of 1967 the horse acted unusual on numerous occasions, the testimony of the witnesses being

that he was "ouchy" or "touchy", and that at times he was "feverish" and "colicky". On or about September 6, 1967 the local recording agent of defendant was notified that the plaintiff was concerned about the health of the horse. The agent proceeded to the stable to view the horse. However, the agent did not notify the insurer company of the information in reference to the condition of the horse at that time, nor did appellant request the agent to notify the insurer at its home address as set forth in the policy. On September 28, 1967 defendant insurer mailed a notice of cancellation of the policy for failure to pay premiums setting out the effective date of cancellation as being October 10, 1967. The cancellation notice was received by the plaintiff. The horse became ill on November 4 and died the following day on November 5, 1967, the cause of death being testified to by two veterinarians as being peritonitis resulting from tears or ruptures of the stomach. The trial was had before the court without a jury and the court rendered a take nothing judgment. Upon request the court filed findings of fact and conclusions of law.

Upon a review of the record we find that it is unnecessary that we write upon all the points and crosspoints raised in this suit. We think it sufficient for the purpose of reaching our decision herein to point out that the appellant failed to give the notice of illness in accordance with that provision contained in the policy and that the appellant is precluded from recovery.

Appellant's first point of error complains of the conclusion of law of the trial court that the 30 day extended coverage provision in the policy was not applicable and therefore the policy was not in force at the date of the death of the animal. The provision of the policy referred to reads as follows:

"It is agreed such insurance as is afforded by the policy applies to the death of any animal occurring within 30 days after the expiry date as specified in the policy, as a result of any accident occur-

ring, or illness or disease mainifesting itself during the policy period, provided the company has received notice of such accident, illness or disease prior to said expiry date."

Appellee contends that "expiry date" as used in the 30 day extension clause applies only to the date of expiration set forth in the policy, here being March 13, 1968, and that it has no application to any date of cancellation. We recognize the rule that insurance contracts are to be construed as other contracts, taking all parts together and giving them the meaning that will effectuate the intent of the parties. We find from reading the entire contract that the 30 day extension clause would be effective from and after the end of the policy period as provided for and referred to in the cancellation provision of the policy. The policy provided for cancellation by either party, upon the giving of five days notice by the insurer, and any specified date by notice from the insured. It further provides that "the effective date of cancellation stated in the notice shall become the end of the policy period." The provision " * * * death of any animal * * * as a result of any accident occurring, or illness or disease manifesting itself during the policy period * * *", read together with the other provisions referred to above, reflects an intention to have the 30 day extension operable from and after the effective cancellation date, or any date that the policy might expire or be terminated. Had the insurer intended to have the 30 day extension clause apply only after the policy had been in effect for a full 12 month period then it could easily have so stated in the rider. Clearly, however, there is no automatic extension of coverage for the additional 30 day period. There must have been an " * * * illness or disease manifesting itself *during the policy period * * *"*, and further the insuring company must have received notice thereof prior to the termination date of the policy. (All emphasis ours unless otherwise noted).

We hold that the 30 day extension clause never came into effect, however, by reason

of failure by the insured to comply with the notice requirements contained in the policy. That provision reads as follows:

"NOTICE OF SICKNESS OR INJURY: In the event of sickness of or injury to any animal insured hereunder, the Assured warrants (a) to at once and at his own expense secure the services of a licensed veterinarian, to give proper care and to use every possible means to save the life of the animal and (b) to at once give notice of such sickness or injury by telephone or telegram to this Company at its office, 3333 California Street, San Francisco, California, and this Company shall not be liable for any loss where the Assured has failed to comply with the conditions of this section."

The trial court held as a matter of law that notice given to the agent by appellant was insufficient and did not comply with the notice requirements of the policy. Appellant contends by his point No. 2 that the notice requirements contravene Art. 5546 (a) Vernon's Ann.Tex.Civ.St., which reads as follows:

"No stipulation in a contract requiring notice to be given of a claim for damages as a condition precedent to the right to sue thereon shall ever be valid unless such stipulation is reasonable. Any such stipulation fixing the time within which such notice shall be given at a less period than ninety days shall be void, and when any such notice is required, the same may be given to the nearest or to any other convenient local agent of the company requiring the same. * * *"

■ The testimony reflects that the horse showed signs of illness in July, 1967, his condition being referred to as "colicky", "off his feed", "feverish" and "bellyache" by the appellant's witness in charge of the stables and the veterinarian who attended the horse on several occasions, the exact number of times not being apparent from the record. The appellant gave no notice to the insurer during the months of July or August, apparently for the reason that the illness or condition of the horse was not considered serious. We think, however, that where as herein, an insured takes it upon himself to determine whether or not the condition of the animal warrants the giving of notice to the insurer, as required by the policy, he does so at the risk of foregoing a claim for liability against the insurer for death of the animal as a result of the condition or illness. The notice provision obviously is for the benefit of the insurer in that the company may have the opportunity of securing its own chosen veterinarian to attend the animal. Obviously insurance of this type or nature is distinguishable from ordinary life insurance in that the life insured is that of an animal and it has always been socially acceptable to destroy an animal in the event of serious illness. We think the policy provision requiring notice "at once" of injury or illness to the insuring company is a material condition of the policy and not unreasonable. The language used does not provide for any judgment or speculation by the insured as to whether or not the injury or illness be serious or not nor whether the animal might or might not die and result in liability for the loss being placed upon the insuring company. Appellant cites the case of National Live Stock Insurance Co. v. Henderson, 164 S.W. 852 (Tex.Civ.App. n. w. h.) as authority for their position. We do not find that case in point.

■ In the case of Underwriters at Lloyds, London v. Harkins, 427 S.W.2d 659 (Tex.Civ.App., ref'd, n. r. e.) Justice Johnson has written a very comprehensive opinion in reference to animal mortality insurance. That court states in part:

"The policy in question here again is clear and unambiguous. It requires as a *condition precedent to liability,* that appellees give notice of illness which they wholly failed to give. The method by

which such notice is to be given, *telephone* or telegraph, immediately, emphasizes the importance attached to the condition. Only through immediate notice can the insurer investigate the causes of illness or death that are certainly unique to livestock policies. Only through immediate notice can the insurer know, or have an opportunity to know, that the animal will receive proper attention and treatment. Only through immediate notice can the insurer protect itself from the unusual hazards that accompany the insuring of animal life, as contrasted to the insuring of human life." (That court's emphasis).

Even assuming that the notice given to the local recording agent of September 6, 1967, was in substantial compliance with the policy notice provision (which we do not hold), the period of time from sometime in July to September 6, 1967, is contrary to and in violation of the express notice provision that requires that notice be given "at once", and failure to so give notice clearly relieves the insurer of liability for any loss. The requirements of notice "at once" requires that notice be given within a reasonable time under all of the facts and circumstances of the occasion. A period of some two months having elapsed, the notice, even to the agent, came too late.

■ In reference to Art. 5546(a) V.A. T.C.S. we hold that it has no application to notices of injury or illness as involved herein. This notice provision is separate and apart from the notice requirements of *claim for damages* contained in the policy and referred to in Art. 5546(a).

In view of our holding that appellant's failure to give notice of the illness as required by the policy relieves the appellee of liability thereunder, it becomes unnecessary to discuss the other points and crosspoints. The judgment of the trial court is therefore affirmed.

Affirmed.