531 P.2d 1145

Steven COOMBS, David E. Peterson, Michael Garroutte and Wayne Garroutte, Appellants,

v.

LUMBERMEN'S MUTUAL CASUALTY COMPANY, Appellee.

No. 1 CA–CIV 2262.

Court of Appeals of Arizona,
Division 1,
Department A.

Feb. 20, 1975.

Udall, Shumway, Blackhurst, Allen, Bentley & Lyons, P.C. by Dennis P. Blackhurst, Mesa, for appellants.

Lewis & Roca by Thomas C. Horne, Walter Cheifetz, Mary M. Schroeder, Phoenix, for appellee.

## OPINION

DONOFRIO, Judge.

This is an appeal from a declaratory judgment action in which summary judgment was entered in favor of the plaintiff-appellee insurance company adjudging that the appellee was not liable on an automobile insurance policy issued to defendant-appellant Wayne Garroutte. We are called upon to determine whether the trial court committed error in granting plaintiff's motion for summary judgment.

In approaching this question we are governed by the rule that when the pleadings, depositions, and admissions on file, together with the affidavits and exhibits, show that there is no genuine issue as to any material fact involved in the issues formed by the pleadings, the trial court may grant summary judgment. See Rule 56, Rules of Civil Procedure, 16 A.R.S.

In the declaratory judgment complaint plaintiff sought to have the court declare that a Family Automobile Policy issued to Wayne Garroutte did not cover an automobile purchased by his son, David Garroutte, and driven by his son, Michael Garroutte, which was involved in an accident on January 31, 1970 in which Steven Coombs and David E. Peterson were injured. Coombs and Peterson are seeking to recover for those injuries in a separate action.

The record contains certain admissions of defendant Wayne Garroutte in which he admitted that when his son, David Garroutte, left for military service he left the 1956 Chevrolet, which David had purchased, at Wayne Garroutte's home for the regular use of the members of Wayne Garroutte's household. In considering the statements of fact in the various instruments, they are to be taken as true except when the facts are stated as mere conclusions of ultimate fact or of law. Lujan v. MacMurtrie, 94 Ariz. 273, 383 P.2d 187 (1963) (referrring to the test as contained in Rule 56(c)).

The facts leading to this appeal which must be viewed in the light most favorable to the defendants, the parties opposing the summary judgment, are as follows. The automobile in question was purchased by David Garroutte, the son of defendant Wayne Garroutte, on or about January 19, 1970, while David was home on leave from the armed services. David returned to duty on or about January 23, 1970, leaving the automobile in the custody and control of his father, Wayne Garroutte, for the use and benefit of the members of Wayne Garroutte's household. On or about January 31, 1970 defendant Michael Garroutte, the brother of David and the son of Wayne, was home on a seventy-two hour pass from the armed services and was given permission by his father, Wayne Garroutte, to drive the automobile. While driving it, he was involved in a one-car accident in which the appellants, Steven Coombs and David E. Peterson, were injured. Coombs and Peterson brought suit against Michael Garroutte and Wayne Garroutte in which they allege the negligence of the driver, Michael Garroutte.

David Garroutte had purchased no insurance on the automobile prior to his returning to his duty station. Defendant Wayne Garroutte had a family automobile policy with the plaintiff company, which policy insured certain "owned" and "non-owned" automobiles used by the family. The coverage of said policy is the subject of this appeal. The issues were raised by cross-motions for summary judgment.

Defendant Wayne Garroutte gave a statement concerning the accident to the Ed Greenwood Insurance Agency (through which the family automobile policy was obtained) on February 12, 1970. It is undis-

puted that the accident and the statement made by Wayne Garroutte to the Greenwood Insurance Agency occurred within thirty days of the time David Garroutte purchased the car and turned it over to his father. It is to be noted at this point that under the provisions of the policy the insured had thirty days in which to notify the company that he had acquired ownership of an additional automobile. This thirty-day grace period would not apply, however, unless the automobile were an "owned" automobile. It is also undisputed that David used his own money for the purchase and that title and registration for the automobile were in David's name.

A careful analysis of the policy shows that it provided coverage for any automobile of which the insured actually acquired "ownership" during the policy period, and it also covered the insured and members of his family while driving certain "non-owned" cars, provided that those cars were not furnished for the "regular use" of either the named insured or any relative, other than a temporary substitute automobile. It also provided coverage for the operation of an automobile under a provision automatically insuring automobiles "owned" by the insured for 30 days after acquisition of same.

■ First we must pass upon whether the language of the policy is ambiguous. The question of whether a contract is ambiguous or uncertain is a question of law for the court to decide. Here both parties having moved for summary judgment and there being no dispute of fact or as to the wording of the policy, it is our duty now to construe the contract as a matter of law. Carrick v. Sturtevant, 28 Ariz. 5, 234 P. 1080 (1925); Sleizer v. Arizona Title Ins. and Trust Co., 9 Ariz.App. 361, 452 P.2d 526 (1969); Kintner v. Wolfe, 102 Ariz. 164, 426 P.2d 798 (1967); Valentine v. Shepherd, 19 Ariz. 241, 168 P. 643 (1917); University Realty & Development Co. v. Omid-Gaf, Inc., 19 Ariz.App. 488, 508 P.2d 747 (1973); Gardiner v. Gaither, 162 Cal. App.2d 607, 329 P.2d 22 (1958). The mere

fact that parties to an instrument disagree as to its meaning does not establish its ambiguity. 17A C.J.S. Contracts § 294. We are unable to find any ambiguity in the policy.

■ The terms "owned" and "non-owned" automobiles to which coverage extended are defined in the policy. The court is then left with the responsibility of construing the insurance contract in the light of the admissions of defendant Wayne Garroutte. Rule 36(b) of the Arizona Rules of Civil Procedure, 16 A.R.S., provides that any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Where a written contract is clear and unequivocal, its meaning must be determined by its contents alone, and a meaning cannot be given to it other than that expressed. Kreig v. Hammels, 29 Ariz. 280, 240 P. 1031 (1925); Brady v. Black Mountain Inv. Co., 105 Ariz. 87, 459 P.2d 712 (1969); Goodman v. Newzona Inv. Co., 101 Ariz. 470, 421 P.2d 318 (1966).

We find that the record does not indicate the existence of a genuine issue as to any material fact, and that the trial judge was correct in his construction of the insurance contract and award of summary judgment.

Defendants further urge that the trial court was incorrect in its construction and application of the insurance contract, and that this automobile did meet the policy definitions of an "owned" automobile or a "non-owned" automobile not furnished for the "regular use" of the family of Wayne Garroutte.

The following are the pertinent sections of the insurance policy:

" 'owned automobile' means

(a) a private passenger, farm or utility automobile described in this policy for which a specific premium charge indicates that coverage is afforded,

(b) a trailer owned by the named insured,

(c) a private passenger, farm or utility automobile ownership of which is acquired by the named insured during the policy period, provided

(1) it replaces an owned automobile as defined in (a) above, or

(2) the company insures all private passenger, farm and utility automobiles owned by the named insured on the date of such acquisition and the named insured notifies the company during the policy period or within 30 days after the date of such acquisition of his election to make this and no other policy issued by the company applicable to such automobile, or

(d) a temporary substitute automobile;

'non-owned automobile' means an automobile or trailer not owned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile."

Both parties to this appeal cite the case of Yahnke v. State Farm Fire & Cas. Co., 4 Ariz.App. 287, 419 P.2d 548 (1966) as shedding light on the definition of "ownership". In that case a father bought a Jeep automobile in need of extensive repairs. The father gave physical possession of the Jeep to his son who, with another man, attempted to repair it while it was kept in a repair garage. The name of the purchaser on the certificate of title to the Jeep was left blank at that time. The certificate of title was turned over to the son by the father a few days before the accident which was the subject of the suit. The father paid the bills for parts for the repair of the Jeep during the approximately six months that it was inoperative. The father also testified that his son was repairing the Jeep for him and that he (the father) retained full ownership of the Jeep. The vehicle was not operable until a few days before the accident. The court held that the *intent* of the parties, disclosed by their conduct, common usage, and circumstances of the case, was determinative of when ownership was transferred between parties, and that physical possession alone,

or title alone, was not in itself determinative. The undisputed facts in this case show that there was no question as to the intent of David Garroutte. The only reasonable interpretation is that David was the sole owner of the automobile in question.

In the case of St. Paul Fire & Marine Ins. Co. v. Muniz, 19 Ariz.App. 5, 504 P.2d 546 (1972), the court held that "ownership" as defined in the insurance policy rather than in the Arizona title certificate statute, A.R.S. § 28–130, would control. In that case, as in ours, the policy defines an "owned" automobile as one listed in the policy for which a specific premium has been paid. The court in the Muniz case found the policy definition to be clear and unambiguous, and held that where the son had purchased an automobile with his own funds, never intending for his father/insured to be the owner, and the automobile was not listed in the policy, it did not meet the definition of an "owned" automobile of the insured/father. 19 Ariz.App. at 7, 504 P.2d 546. Herendeen v. United States Fidelity & Guaranty Company, 19 Ariz.App. 399, 507 P.2d 1011 (1973) is another Arizona case where a son had purchased an automobile; it was not listed on his father's insurance policy as insured; and the court found that it was "owned" by the son and did not meet the requirements for coverage under the "owned automobile" provisions of the father's policy.

Defendants seem to place a principal reliance on the case of Quaderer v. Integrity Mut. Ins. Co., 263 Minn. 383, 116 N.W.2d 605 (1962), in which it was apparently held that the mere possibility that one will be held liable for damages incident to operation and use of the vehicle amounted to an insurable interest in the vehicle, and met the policy definition of "ownership" of the vehicle. This court is not yet ready to stretch automobile insurance coverage to this extent. For these reasons we find that the automobile in the case at bar did *not* come within the policy provisions of the insurance contract relating to an "owned" automobile.

Lastly we address the question of whether this automobile purchased by David Garroutte was such that it met the definition of a "non-owned automobile furnished for the regular use of the insured or any relative" as used in the policy. Defendant Wayne Garroutte has expressly admitted that the car was "provided for the regular use of the family" in the admissions of record. The question of "regular use" is not a question of the quantum of use of the automobile, but whether the vehicle is actually or potentially used. Berry v. State Farm Mutual Automobile Insurance Co., 340 F.Supp. 228 (E.D.Va. 1972). We think that the language of the policy, taken in its plain, ordinary sense, could be easily understood by the insured that coverage did not extend to every non-owned car which he or his family might drive, but only to those which he did not have the right to use regularly. Harter v. Country Mut. Ins. Co., 20 Ill.App.2d 413, 156 N.E.2d 243 (1959). The clear purpose of the language in the policy was to encourage the insured to include on his own policy those uninsured cars used regularly by his family members, unless they were insured by their owners as is the usual case.

In the case of Hale v. Southern Guar. Ins. Co., 115 Ga.App. 29, 153 S.E.2d 574 (1967), an award of summary judgment in favor of an insurance company on the question of "regular use" of a non-owned automobile was affirmed by the Court of Appeals of Georgia. We find the opinion of that court persuasive in the case at bar:

"* * * the evidence showed that the automobile in question belonged to plaintiff's sister-in-law, who had given plaintiff and her husband its keys in May of 1965, making it available for an indefinite time for their unrestricted use and that, although their actual use of the automobile was rather infrequent, they nevertheless enjoyed *continuous, uninterrupted possession* of it with the *privilege and opportunity of its use at such times and for such purposes as they wished* up, through the date of the collision, August 25, 1965. Under the holding in the cases of Cotton States Mut. Ins. Co. v. Falls, 114 Ga.App. 812, 152 S.E.2d 811, the exclusionary clause was applicable to the automobile in question; therefore, the court did not err in its judgment sustaining the defendant insurer's motion for a summary judgment." (Emphasis added) 153 S.E.2d at 575.

We find no error in the court's judgment.

Judgment affirmed.

OGG, P. J., and STEVENS, J., concur.