564 P.2d 387

Patricia M. BERGTHOLD and Frank G. Woodruff, Appellants,

v.

INSURANCE COMPANY OF the STATE OF PENNSYLVANIA, a corporation, Appellee.

No. 2 CA–CIV 2218.

Court of Appeals of Arizona, Division 2.

Jan. 13, 1977.

Rehearing Denied Feb. 23, 1977.

Review Denied March 22, 1977.

Robertson, Molloy, Fickett & Jones, P. C. by Michael J. Meehan and Gary F. Howard, Tucson, for appellants.

Fish, Briney, Duffield & Miller, P. C. by Richard Duffield, Tucson, for appellee.

HOWARD, Chief Judge.

This is an action by appellants, owners of an Arabian mare, to collect on a livestock mortality policy after the animal's death. The pertinent facts are as follows.

Patricia Bergthold and Frank Woodruff purchased an insurance policy on the life of their mare, Merriment, from appellee, Insurance Company of the State of Pennsylvania. The policy was to be effective for a period of one year commencing on April 3, 1973 and terminating on April 3, 1974. It contained a thirty-day extension clause on the following terms:

"Provided this is an annual policy, the company agrees to extend its liability on the animal(s) described in the schedule of this policy as per the terms and conditions of this policy through death occurring within thirty (30) days after the expiration of this policy as a result of any accident, illness, disease, or physical disability occurring during the period of this policy.

It shall be a prior requirement to the extended liability as stated above that the Assured had given immediate notice of any accident, illness, disease or physical disability to the Company."

As the renewal date approached, Bergthold attempted to obtain a large animal veterinarian to examine the mare for renewal purposes, but was unable to do so. On April 5, 1974, two days after the annual policy period had terminated, the mare was examined by a veterinarian, and a hemangioma was discovered. The appellants notified the insurance company of this finding the same day. On April 21, 1974, the tumor ruptured and the animal died.

The basic issue before the trial court was whether the thirty-day extension period had in fact occurred. Both parties moved for summary judgment and the court entered judgment in favor of appellee stating that no coverage existed under the insurance policy for the loss occasioned by the death of the mare.

The determinative issue in this case is whether the policy provision is ambiguous. Appellee contends that the notice provisions of the extension clause created a condition precedent to the effectiveness of the thirty-day extension period, which could only be fulfilled by giving notice before the termination date of the annual policy. Appellants argue that the provision is unclear as to whether notice must be given prior to the termination date of the policy. They believe that the language of the policy is ambiguous and that any ambiguity should be resolved in their favor. See, *State Farm Mutual Automobile Insurance Company v. O'Brien*, 24 Ariz.App. 18, 535 P.2d 46 (1975).

We first note that the question of whether an insurance contract is ambiguous or uncertain is a question of law for the court

**166**

to decide. *Coombs v. Lumbermen's Mutual Casualty Company,* 23 Ariz.App. 207, 531 P.2d 1145 (1975). The mere fact that the parties to an instrument disagree as to its meaning does not establish its ambiguity. *Coombs v. Lumbermen's Mutual Casualty Company,* supra. Rather, the court must ascertain the meaning of a given policy by examination of its language from the viewpoint of one who is not trained in law or in the insurance business. *State Farm Mutual Automobile Insurance Company v. O'Brien,* supra.

Appellants point to the language in two cases involving the death of livestock in which the language is clear. In *Underwriters at Lloyds, London v. Harkins,* 427 S.W.2d 659 (Tex.Civ.App.1968) the provision read:

"... provided that the accident, illness or disease has been notified to the Underwriters in writing prior to the said expiry date of this Insurance ...."

In *Circle 4 Stables, Inc. v. National Surety Corp.,* 451 S.W.2d 564 (Tex.Civ.App.1970), the provision was that the extension clause became operable only:

"... as a result of any accident occurring, or illness or disease mainifesting (sic) itself during the policy period, provided the company has received notice of such accident, illness or disease prior to said expiry date." 451 S.W.2d at 566.

Here, the provision does not state that the notice must be given prior to the date of the expiration of the policy but only states that it must be given "immediately". We believe the provision is ambiguous and that the policy can reasonably be read as follows:

"Before we will pay you for the death of an animal which has occurred 30 days after the expiration date, you must have given us notice right away, that the animal is sick or diseased."

Since the parties stipulated that the hemangioma, a bloody tumor, occurred during the policy period, but did not manifest itself until it ruptured two days after the expiration period and the appellants gave immediate notice on the date of the rupture to the insurer, the death of the mare 16 days later was covered by the extended policy.

The judgment below is reversed and the trial court is ordered to enter judgment in favor of the appellants on the issue of coverage and proceed to determine the fair market value of the mare.

HATHAWAY and SCHROEDER, JJ., concur.