Irwin L. Salk, et al., Plaintiffs-Appellants, v. Department of Registration and Education of the State of Illinois, Paul E. Passini, Chief Investigator of the Department of Registration and Education of the State of Illinois, John C. Watson, Director of the Department of Registration and Education of the State of Illinois, and Edwin A. Moll, Defendants-Appellees.

Gen. No. 52,888.

First District.

April 17, 1970.

Rehearing denied June 22, 1970.

Silverstein, Stein and Brown, of Chicago (Jesse H. Brown, of counsel), for appellants.

William J. Scott, Attorney General of State of Illinois, and Mitchell Leikin, of Chicago, (Francis T. Crowe and Donald J. Veverka, Assistant Attorneys General, of counsel), for appellees.

TRAPP, J.

Plaintiffs' complaint for declaratory judgment and injunction was dismissed by the trial court in a final and appealable order. They appeal.

On July 11, 1967, the Department of Registration and Education (herein called the Department), on the relation of its chief investigator, prepared charges against the several plaintiffs alleging violation of the statute relating to the practice of optometry. Such charges were served with notice that the Optometry Examining Committee of the Department would hold a hearing on July 20, 1967, at a stated hour and place, to determine whether the respective certificates of registration as optometrists should be suspended or revoked.

It appears that all plaintiffs are licensed optometrists; that the plaintiff, Salk, is licensed to practice optometry at some thirteen addresses in the City of Chicago, and that each of the remaining plaintiffs is an employee of Salk, licensed to practice optometry at such address as is specified.

It is further alleged that Lee Optical Company is a corporation organized for the manufacture and sale, at wholesale and retail, of optical goods and maintains such businesses at each of the several addresses.

It is charged by the Department that there is an "office association" of the several plaintiffs as practicing optometrists with Lee Optical Company; that there is such referral and recommendation of one to the other so knowingly arranged and established that economic advantage was obtained over other practicing optometrists through street window advertising of a commercial nature, display of spectacles, frames and lenses and optical merchandise in the reception room and outside of the offices of plaintiffs in violation of chapter 91, § 105.13 (m) and (r) ; and that such conduct and advertising was designed, intended and carried on as a

practice of optometry under the name of Lee Optical Company in violation of §.105.13(i), (j) and (r).*

It is charged in the alternative, that the plaintiffs are each practicing optometrists in offices located within the premises of Lee Optical Company, and that there is association with the latter corporation located in the same building, with a common front and with a sign overhanging both offices in violation of § 105.13(i).

On July 17, 1967, while the Department's proceedings were pending hearing, plaintiffs filed their complaint for declaratory judgment and injunction which alleges that Salk practices optometry in offices at the several addresses as a tenant under written leases with Lee Optical of Missouri, Inc., but that there is no relationship between Lee Optical and the plaintiffs in the practice of optometry at the several offices.

A copy of a typical lease is attached to such complaint, but the description of the leased premises is nothing more than a street address. Plaintiffs do not deny the departmental charge that the several offices of the plaintiffs are located within a common front or as a part of the premises of Lee Optical Company. The lease provides that the leased offices are to be occupied, ". . . as exclusive optometric offices."

Plaintiffs contend that nothing in the statute authorizes revocation of an optometrist's registration because of use of premises adjoining an optician, and that as a

---

* Chapter 91, § 105.13, Ill Rev Stats.

"(i) Association as an optometrist with any person, firm or corporation violating this Act;

"(j) Violation of any of the provisions of this Act;

". . .

"(r) The performance of optometric service in conjunction with a scheme or plan with another person, firm or corporation known to be advertising in a manner contrary to this Act or otherwise violating the laws of the State of Illinois concerning the practice of optometry."

323

matter of law, the Department has exceeded the powers granted to it. Upon such premises, the plaintiffs sought to have the trial court enter declaratory judgment that the acts and practice of the plaintiffs were lawful under the statute.

■ We review the judgment of the trial court in the context of the rule that the denial or granting of a declaratory judgment is a matter of the court's discretion and will not be disturbed unless the record shows an abuse of such discretion. Interlake Iron Corp. v. Dravo Corp., 68 Ill App2d 167, 215 NE2d 137; Hoerdt v. City of Evanston, 99 Ill App2d 307, 241 NE2d 685; Bathe v. Stamper, 75 Ill App2d 265, 220 NE2d 641.

■ It is also the rule that proceedings in declaratory judgment may not be used to avoid or oust pending proceedings before administrative agencies acting under grant of statutory authority. Eckells v. City Council of East St. Louis, 23 Ill App2d 360, 163 NE2d 107; Bathe v. Stamper, 75 Ill App2d 265, 220 NE2d 641; Hoerdt v. City of Evanston, 99 Ill App2d 307, 241 NE2d 685, and Fairbanks, Morse & Co. v. Freeport, 5 Ill2d 85, 125 NE2d 57.

■ The plaintiffs do not attack the overall validity of the statute regulating the practice of optometry, but only contest the validity of the application of the statute to the facts here presented. In such circumstances, the plaintiffs must pursue the administrative remedies for the reason that the determination of the issue depends upon factual matters which the specialized agency is better qualified to determine. Bank of Lyons v. County of Cook, 13 Ill2d 493, 150 NE2d 97; Bright v. City of Evanston, 10 Ill2d 178, 139 NE2d 270.

The charges framed by the Department are not directed to the landlord-tenant relationship asserted, but are framed in terms of the conjunction between the practice of optometry and optical merchandising, the street advertising and the display of optical merchandise

which suggests that optometric services are supplied at the several addresses and the association as optometrists with a business entity which is not called upon to comply with the statute.

The courts have frequently approved of the policy which seeks, ". . . to raise the treatment of the human eye to a strictly professional level and to free the profession from the taint of commercialism." Williamson v. Lee Optical of Oklahoma, 348 US 483, 99 L Ed 563; Roberts Optical Co. v. Department of Registration, 4 Ill2d 290, 122 NE2d 824, and to safeguard against practices which demoralize the profession, Klein v. Department of Registration, 412 Ill 75, 105 NE2d 758.

It is alleged and argued that plaintiffs will not be able to obtain a fair hearing before the Examining Committee for the reason that the members of such Committee are competitors and members of the Illinois Optometric Association and that it is useless to proceed. We note that the members of the Examining Committee are named in the departmental charges filed, but that there has been no motion to disqualify any member for prejudice, Smith v. Department of Registration and Education, 412 Ill 332, 106 NE2d 722; and no issue of the competency or ability of any Committee member is raised, Schyman v. Department of Registration and Education, 9 Ill App2d 504, 133 NE2d 551.

■ Absent a factual showing of prejudice or incompetence of a Committee member, our acceptance of plaintiffs' argument as a basis for decision would destroy the statutory scheme for professional discipline in the fields of medicine, architecture, engineering, dentistry and accountancy where the Department is required to act upon the basis of the report of a committee comprised of members of the profession. Chapter 127, §§ 60 and 60a, Ill Rev Stats 1965.

■ We have examined and considered authorities cited by plaintiffs as holding that a party is not re-

quired to exhaust administrative remedies where such would be a useless act, including People ex rel. Hurley v. Graber, 405 Ill 331, 90 NE2d 763; Cordes v. Isaacs, 27 Ill2d 383, 189 NE2d 236 and High Meadows Park, Inc. v. City of Aurora, 112 Ill App2d 220, 250 NE2d 517. We do not find them persuasive upon the issue. In Graber and Isaacs, the court found no administrative authority to perform the act at issue. In City of Aurora, the zoning ordinance prohibited the use which was before the court. The proceedings here are pursuant to specific statutory authority in the administrative agency.

Since we find no abuse of discretion in the order denying declaratory judgment, it is unnecessary to review the denial of the injunction.

The judgment of the trial court is affirmed.

Affirmed.

CRAVEN, P. J. and SMITH, J., concur.