Roy B. Bruns, Plaintiff-Appellant, *v.* Foremost Insurance Company *et al.*, Defendants-Appellees.

(No. 74-162;

Third District—March 31, 1975.

*Rehearing denied April 30, 1975.*

John R. Lewarne and Christopher Klockau, both of Rock Island, for appellant.

James J. Coryn and Douglas Walker, both of Rock Island, for appellee Foremost Insurance Company.

Theodore A. Jackson, of East Moline, for appellee Linda C. Baker.

Mr. JUSTICE STOUDER delivered the opinion of the court:

On November 20, 1971, plaintiff Roy Bruns was involved in an altercation with defendant Linda Baker in a tavern which they operated jointly. The incident took place after the tavern was closed for business and just after the parties had finished cleaning up. Those present were plaintiff Bruns, defendant Baker and their respective spouses. On August 24, 1972, defendant Linda Baker filed a civil action against plaintiff for damages for injuries arising out of the November 20, 1971, incident. On the latter date plaintive Bruns had in effect an insurance policy with defendant Foremost Insurance Company. The policy was issued with

regard to a mobile home in which plaintiff lived and did not specifically include the tavern premises. Part III of that policy provided comprehensive personal-liability protection which reads in part:

"The Company Agrees with the Named Insured—

A. Personal Liability:

1. To pay on behalf of Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this Part III applies, and the Company shall defend any suit against such Insured alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent, but not after the applicable limit of the Company's liability has been exhausted by payment of judgments, or settlements * * *."

Foremost has denied coverage under their insurance policy and has refused to provide a defense for plaintiff in the lawsuit against him by Linda Baker arising out of the November 20, 1971, incident.

On February 8, 1973, plaintiff Bruns filed for declaratory judgment to determine the rights of the parties under the policy of insurance and for reasonable attorneys' fees and expenses incurred by plaintiff in defense of the suit against him by Linda Baker. Defendant Foremost raised several affirmative defenses to the declaratory judgment action. The court held the insurance policy was in effect on the date in question but did not cover and insure plaintiff for any liability arising out of the incident with Linda Baker and did not afford or provide a defense for plaintiff for any action at law against him arising out of that altercation. Defendant Baker was joined in the declaratory judgment action.

Due to the view we take of this case we need deal only with the issue as to whether the incident in question was an activity for which coverage under the policy was specifically excluded. The policy in pertinent part provides "* * * Part III of this policy does not apply: 1. to business pursuits of any kind conducted by any person on the premises, but activities which are ordinarily part of non-business pursuits of an Insured are covered * * *." The question is whether the incident in question can be characterized as a business pursuit and therefore be excluded from coverage or as an activity ordinarily incident to nonbusiness pursuits and therefore not be so excluded. The incident occurred between plaintiff and defendant Baker, who jointly ran the tavern, on tavern premises after the business was officially closed for the evening and just

after they finished cleaning the place. Plaintiff himself testified defendant Baker became agitated while talking about the business and threw a glass of liquid in his face.

Plaintiff relies on *State Farm Fire & Casualty Co. v. McDonald,* 87 Ill.App.2d 15, 230 N.E.2d 513. The policy in that case provided " '* * * this Policy Does Not Apply: (a)(1) to any business pursuits of an Insured, other than activities therein which are ordinarily incident to non-business pursuits * * *' " (87 Ill.App.2d 15, 17.) There the insured had been called out by his employer to repair a freight elevator at a warehouse. In the course of making the repairs the insured went to look for a piece of wood to use as a prop for the elevator door. He found a rubber mallet which would serve his purposes, and in walking back to the elevator with the mallet in his hand the insured passed in front of a man who worked at the warehouse and who was standing with his back against a fire door. The insured suddenly raised the mallet and struck it against the fire door behind the man's head. Apparently the insured's action constituted horseplay and was not the result of any intention to actually strike the man. The mallet rebounded and struck the man on the head, injuring him. The court in that case, in framing the issue, stated: "At the time of the accident, MacDonald was engaged in his usual occupation—that of repairing an elevator. It must be conceded he was generally engaged in a 'business pursuit.' The question which must be resolved is whether the defendant's impulsive act of striking the hammer against the fire door was an activity 'ordinarily incident to non-business pursuits.' " (87 Ill.App.2d 15, 17-18.) Based upon the facts in the instant case, it can be held plaintiff was generally engaged in a "business pursuit" and the question is whether defendant's alleged part in the altercation was specifically a "business pursuit." The court went on to state: "We must determine whether the momentary deviation from his 'business pursuits'—the horseplay with the mallet—should be classified as an activity ordinarily incident to non-business pursuits, and whether the swinging of the mallet at the time, place and in the manner indicated, had any business purpose whatsoever." (87 Ill.App.2d 15, 19.) It cannot be said as a matter of law that an altercation with one's business partner in circumstances such as exist here is an activity ordinarily incident to nonbusiness pursuits and that it had no business purpose.

The court in *State Farm* stated further: "It is beyond dispute that the meaning of the phrase, 'other than activities therein which are ordinarily incident to non-business pursuits' is unclear, ambiguous * * * That construction of the policy will be adopted which favors the insured and resolves the uncertainty in his favor." (87 Ill.App.2d 15, 20.) We do not dispute this general principle, but it is not applicable here. The factual

situation in the instant case makes the application of the exclusion provision much more certain than in the *State Farm* case. It is more reasonable to characterize an altercation between business partners over business matters as a "business pursuit" than to so characterize the impulsive swinging of the mallet in the above case.

■■ We review the trial court's judgment in light of the rule that its granting or denying declaratory relief is a matter of the court's discretion and will not be disturbed on appeal unless the result shows an abuse of discretion. (*Salk v. Department of Registration & Education,* 123 Ill.App.2d 320, 260 N.E.2d 123; *Farmers Oil and Supply Co. v. Illinois Central R.R. Co.,* 6 Ill.App.3d 965, 286 N.E.2d 68.) It is significant the court in the *State Farm* case, in finding the activity there not to be a business activity, was merely affirming the finding of the lower court. In so doing the court recognized the closeness of the question there wherein it stated "* * * it is at least as logical to conclude that the defendant's impulsive action, which caused the injury, was the type ordinarily incident to a non-business pursuit, as it would be to reach an opposite determination." (87 Ill.App.2d 15, 21.) In the instant case we cannot hold as a matter of law that the trial court abused its discretion in denying plaintiff declaratory relief.

For the foregoing reasons the judgment of the circuit court of Rock Island County is affirmed.

Judgment affirmed.

ALLOY and BARRY, JJ., concur.