JOLIET MASS TRANSIT DISTRICT, Plaintiff-Appellant, *v.* ILLINOIS FAIR EMPLOYMENT PRACTICES COMMISSION *et al.*, Defendants-Appellees.

Third District   No. 78-98

Opinion filed December 13, 1978.

BARRY, P. J., specially concurring.

James T. Bradley, of Thomas, Wallace, Feehan and Baron, Ltd., of Joliet, for appellant.

William J. Scott, Attorney General, of Chicago (Moshe Jacobius, Assistant Attorney General and Karen Zerboglio, law student, of counsel), for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from a decision of the circuit court of Will County which granted a motion to dismiss a first amended complaint of the Joliet Mass Transit District, an Illinois Municipal corporation.

Harvey Ferguson filed a charge with the Illinois Fair Employment Practices Commission (hereinafter IFEPC) alleging that the Joliet Mass Transit District (hereinafter JMTD) had acted in violation of the Fair Employment Practices Act (Ill. Rev. Stat. 1977, ch. 48, par. 851 *et seq.*) by discharging him on the basis of his race. Upon receipt of the charge, the IFEPC, acting pursuant to its legislatively prescribed duties, began its investigation. (Ill. Rev. Stat. 1977, ch. 48, par. 856.07.) The JMTD responded by a judicial attack on the IFEPC's authority. First, it filed a declaratory judgment action alleging *inter alia* that the IFEPC had no authority over it because it was a municipal governmental body. When the trial court rejected this argument on October 3, 1977, the JMTD filed a first amended complaint. This complaint challenged the jurisdiction of the IFEPC to entertain the charge filed by Ferguson before the IFEPC, because he was allegedly not an employee, but rather, a chief administrative officer and thus outside the scope of IFEPC authority. A motion to dismiss pursuant to section 48 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 48) was filed on behalf of the IFEPC in response to the first amended complaint. The trial court heard oral argument on December 6, 1977, and took the cause under advisement. On December 16, 1977, the trial court entered its order granting the motion to dismiss, based upon its finding that the IFEPC did have authority over the JMTD with regard to the charge filed by Ferguson. The present appeal ensued.

■■ The Fair Employment Practices Act defined "employee" as "any individual performing services for remuneration within this State for an employer * * * except that the term 'employee' does not include * * * any elected public official or the members of his immediate personal staff or the principal administrative officers of the State of Illinois or of any political subdivision, municipal corporation or other governmental unit or agency thereof." (Ill. Rev. Stat. 1977, ch. 48, par. 852(c).) The quoted section of the Fair Employment Practices Act is merely definitional and does not purport to establish the jurisdiction of the IFEPC. Nowhere in the Act is the term "employee," as defined, used to limit the power of the agency. Nor does the Act mandate that only "employees," as defined, can bring complaints of unfair employment practices.

The term "employee" or its plural is used but five times in the Act outside of the paragraph that defines it. (Ill. Rev. Stat. 1977, ch. 48, par.

852(d)(ii), par. 852(e), par. 853(c), par. 856.03, par. 858.) In each instance where the term "employee" or "employees" is used, the effect is not to limit certain persons from filing complaints under the Fair Employment Practices Act. The Act provides that charges shall be filed by a "complainant." (Ill. Rev. Stat. 1977, ch. 48, par. 858.) A "complainant" is defined as, "any individual charging on his own behalf to have been personally aggrieved by an unfair employment practice." (Ill. Rev. Stat. 1977, ch. 48, par. 852(b).) The court has been referred to no authority for plaintiff-appellant's contention that the IFEPC has no jurisdiction to hear a complaint filed by administrative personnel, nor, has the court's further research revealed such authority. If the language of a statute is certain and unambiguous as the language in the Act before us, the proper function of the courts is to enforce the statute as enacted. (*People ex rel. Gibson v. Cannon* (1976), 65 Ill. 3d 366, 357 N.E.2d 1180.) We hold therefore that section 2(c) of the Fair Employment Practices Act (Ill. Rev. Stat. 1977, ch. 48, par. 852(c)) is merely definitional and does not establish the jurisdiction of the IFEPC.

■▉ Since one needs only to be a complainant in order to file a charge under the Fair Employment Practices Act it is immaterial whether or not said individual qualifies as an employee. Having reached the conclusion that the first amended complaint did not effectively place the jurisdiction of the IFEPC in question and therefore the trial court was correct in granting the motion to dismiss the same, the decision of the trial court is accordingly affirmed.

Affirmed.

STENGEL, J., concurs.

Mr. PRESIDING JUSTICE BARRY, specially concurring:

I believe the majority opinion's reasoning rests to too great an extent upon the fact that the term "employee," as defined by the Act, is not specifically utilized in the definition of complainant. Since the Act addresses itself to the unfair employment practices of employment agencies and labor organizations as well as employers, one need not, of course, be an employee of the employment agency or the labor organization to complain of unfair employment practices. Nor does one have to be a current employee of the "employer" to complain of unfair hiring practices. (See Ill. Rev. Stat. 1977, ch. 48, par. 853(a).) Therefore, the definition of "employee" is of no value in determining whether a person employed by a municipal governmental body fits the definition of "complainant" as defined by the Act. Nor does the definition of employee

or complainant affect the authority or subject matter jurisdiction of the FEPC to consider the complaint.

An employee may be a complainant, but a complainant need not be an employee. The definitions are addressed to two different relationships. When the present complainant was fired he was no longer an employee but could be a complainant. Yet he is complaining of a practice which occurred while he was an employee and therefore, unless he fits the definition of employee, the FEPC has no authority to render a determination adverse to the employer. However, merely because anyone can complain should not allow the policy considerations presented by the section 2(c) (Ill. Rev. Stat. 1977, ch. 48, par. 852(c)) definition of employee to be ignored by the FEPC.

Underlying the definition of employer, at least as it affects this case, is the realization by the legislature that government executives, State or municipal, require persons in key administrative positions who will carry through the policies of the executive without delay. In such situations personalities and the relationship of the administrator to the executive is of overriding importance. The principal administrative officers of municipal governing bodies are not employees for the purpose of activating the authority of the FEPC to deal with the governmental body for any employment practices directed at the administrator.

We are agreed that, as yet, there has been no determination of whether the complainant is or is not an "employee." That is for the FEPC, and a declaratory judgment proceeding can not be utilized to divest this administrative agency of its statutory authority while the administrative proceeding is pending. (See *Salk v. Department of Registration & Education* (1st Dist. 1970), 123 Ill. App. 2d 320, 260 N.E.2d 123.) If a determination adverse to the plaintiff results from the administrative proceeding, the proper recourse is for review pursuant to the Administrative Review Act. *People ex rel. Petersen v. Turner Co.* (2d Dist. 1976), 37 Ill. App. 3d 450, 346 N.E.2d 102.