NUSSBAUM TRUCKING COMPANY, Plaintiff-Appellee, v. CURTIS CONLEY, Defendant-Appellant.

Fourth District   No. 4—92—0446

Opinion filed November 5, 1992.

Scheele, Cornelius & Harrison, Ltd., of La Grange (Stephen M. Cornelius, of counsel), for appellant.

Kehart, Shafter, Hughes & Webber, P.C., of Decatur (Michael J. Kehart and Albert G. Webber, of counsel), for appellee.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

Defendant appeals from a declaratory judgment directing that his pending application for adjustment of claim before the Industrial Commission (Commission) be dismissed on the basis of *res judicata*. Defendant contends that the trial court abused its discretion in granting declaratory relief when plaintiff had not exhausted its administrative remedies. We agree and reverse.

In 1983, defendant filed an application for adjustment of claim for a heart attack. The claim was dismissed in 1986 for want of prosecution. Defendant did not attempt to either reinstate the case before the arbitrator or appeal the arbitrator's decision by seeking further review with the Commission. In 1989, defendant refiled a substantively identical application for adjustment of claim for the same heart attack with the Commission. Plaintiff filed a limited appearance before the arbitrator contending the claim should be dismissed on the basis of *res judicata*. The arbitrator apparently refused to rule on the motion immediately and directed that it be taken with the case and considered after a hearing on the merits of the claim.

Plaintiff then filed its lawsuit in Macon County requesting injunctive and declaratory relief. The request for injunctive relief was dismissed on motion of the defendant, but the trial court granted declaratory relief, concluding that when an application for adjustment of claim is dismissed for want of prosecution and no challenge to the dismissal is pursued, *res judicata* bars a subsequent claim even though no hearing before an arbitrator on the merits was ever held.

■■ ■ Although defendant acknowledges that declaratory relief under section 2—701 of the Code of Civil Procedure (Code) (Ill. Rev.

Stat. 1991, ch. 110, par. 2—701) is a cumulative remedy, he argues the court should not entertain declaratory relief when an adequate administrative remedy is available. The general rule is that a party aggrieved by administrative action ordinarily cannot seek review in the courts without first pursuing all administrative remedies available to him. Among the numerous reasons for the existence of the rule is that the aggrieved party may succeed before the agency rendering judicial review unnecessary. (*Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350, 326 N.E.2d 737.) Exceptions to the rule have been recognized and exhaustion has not been required where an ordinance or statute is attacked as unconstitutional in its entirety, where multiple remedies exist before the same administrative agency and at least one has been exhausted, or where irreparable harm will result from further pursuit of administrative remedies. (*Illinois Bell Telephone Co.*, 60 Ill. 2d at 358, 326 N.E.2d at 742.) In reviewing the judgment of the trial court, the standard of review is that the grant or the denial of a declaratory judgment is a matter of the court's discretion and will not be disturbed unless the record shows an abuse of that discretion. *Salk v. Department of Registration & Education* (1970), 123 Ill. App. 2d 320, 260 N.E.2d 123.

■ In this case, plaintiff seeks to avoid the exhaustion of remedies rule on the basis it should not have to undergo the additional expense and delay in presenting a case on the merits to the arbitrator and Commission if defendant is barred by *res judicata* from pursuing the claim in the first instance. Plaintiff has not cited any authority, however, which suggests that mere expense and delay fall within the exceptions to the rule or that these considerations, standing alone, constitute a new exception sufficient to justify avoidance of the rule. Similarly, the fact that defendant has already had one administrative review which was dismissed for want of prosecution does not entitle plaintiff to declaratory relief. *Cf. People ex rel. Lake County Bar Association v. Circuit Court* (1964), 31 Ill. 2d 170, 201 N.E.2d 109.

Plaintiff does not claim that the Commission lacks jurisdiction to consider its defense of *res judicata* or that proceeding before the Commission would be futile. In fact, plaintiff attaches to its brief a copy of an unrelated Commission decision on this precise issue in which the Commission adopted the position advocated by plaintiff, *i.e.*, that the subsequent refiling of a claim after dismissal for want of prosecution is barred. Potential delay and additional expense are the concern of every litigant. They are not, however, sufficient of themselves to justify the granting of declaratory relief when an adequate administrative remedy before the Commission is available. (See

*Hartlein v. Illinois Power Co.* (1992), 151 Ill. 2d 142.) In view of our disposition, we do not pass upon the issue of whether *res judicata* bars the pending claim before the Commission. For the foregoing reasons, the judgment of the circuit court of Macon County is reversed.

Reversed.

STEIGMANN and KNECHT, JJ., concur.